T. E. ROBERTS and W. T. HUGHES, late partners with I. A. Brogden under the name and firm style of Roberts, Hughes & Brogden, v. H. C. CONNOR, Executor of A. BRANCH, deceased, doing business as Branch & Co., Bankers.

(Decided October 17, 1899.)

*Removal of Causes for Trial—Executors—The Code, Section 193—Appeal.*

1. An appeal lies from an order for removal of cause for trial to another county, under sec. 193 of The Code, and is not premature.

2. Where an executor, several years after the death of the testator, conducts a banking business in the name of his testator, in the county where letters testamentary issued, and a suit is instituted against him in another county, the residence of plaintiff, upon a cause of action growing out of the banking operations and disconnected with the duties of defendant's office as executor, it is *the bank* that is complained of, and not *the executor*.   The mention of the defendant, as "executor, etc.," is a mere designation of the bank, and does not entitle him to an order of removal of the cause for trial to the county where he qualified.

CIVIL ACTION instituted in Franklin Superior Court, and heard upon motion of defendant before *Moore, J.,* at April

Term, 1899, of Superior Court of FRANKLIN County, to remove the cause for trial to Superior Court of WILSON County.

The plaintiff lived in Franklin County—the defendant lived in Wilson County, where his testator died, and where defendant qualified as executor.

The motion was made under sec. 193 of The Code.

The motion was resisted on the ground that for several years after the death of testator, A. Branch, the defendant had been operating a banking business in Wilson County, under the name in which he was sued, and that the cause of action grew out of his banking business and was not connected with his duties as executor.

His Honor allowed the motion—ordered the removal—and plaintiffs appealed.

*Messrs. F. S. Spruill* and *W. H. Ruffin*, for appellants.
*Messrs Cook & Son*, for defendant.

FURCHES, J.   This appeal is from an order of the Superior Court of Franklin County removing the cause to Wilson County for trial, and the merits of the controversy are not involved.

The plaintiff Roberts resides in Franklin County, and the defendant, Connor, resides in Wilson County, and the bank spoken of and doing business as "Branch & Co., Bankers," is located in Wilson County; and the matters complained of are that the bank wrongfully appropriated money of plaintiff's to the payment of unauthorized checks.

The action was commenced on the 8th day of October, 1898, returnable to October Term, 1898, and on Monday of that term of the court the plaintiffs filed their verified complaint. At this term, time was given defendant until January Term

to answer, and at January Term 60 days further time was allowed the defendant to answer. Before the 60 days had expired, the defendant served notice of his intended motion to move the court at the next term for an order transfering the action from Franklin County to Wilson County for trial. At April Term, 1899, this motion was made upon the ground that the defendant Connor is sued as the executor of "A. Branch." The motion was allowed and the order of removal made, and the plaintiffs appealed.

The defendant here contended that the appeal was premature and moved to dismiss upon that ground. But we do not agree wtih defendant, and refuse the motion to dismiss the appeal. *Alliance v. Murrill,* 119 N. C., 124.

The defendant, Connor, contends that he is sued as executor of A. Branch, and for this reason the motion to remove should be allowed under sec. 193 of The Code. We do not think so. While the defendant, Connor, is designated as the surviving executor of "A. Branch," it is perfectly manifest that it is the alleged wrongful acts of "the bank" that are complained of. There are no allegations in the complaint charging or suggesting that the action is founded on a debt or liability of "A. Branch," nor is it suggested that the defendant has violated any of the trusts imposed on him by the terms of the will of "A. Branch." If these things had been alleged in the complaint, it would have been a proper case for removal.

It is the acts of the bank—*Connor the bank,* that are complained of, for transactions of the bank—Connor the bank—which have occurred long since the death of "A. Branch" and for which the bank through Connor its manager is liable, if the plaintiffs shall succeed in making a recovery. *Froelich v. Trading Co.,* 120 N. C., 40.

The motion of Connor as "executor of A. Branch" is simply to designate the authority under which Connor is

operating the bank.    It is no more than it would have been if the bank had been chartered by an act of the Legislature, and Connor had been President, and the plaintiffs had stated in their complaint that "Branch & Co., Bankers" is an institution, or a bank, chartered by the Legislature of North Carolina, doing business at Wilson, N. C.    This would not have involved the terms or provisions of the charter in a transaction like this, but simply the fact whether the bank had misapplied the funds of plaintiffs as they allege.

For these reasons it does not seem to us that it is a proper case for the application of sec. 193 of The Code, and the motion to remove should not have been allowed.

The Court being of this opinion, any discussion of the other point presented by the appeal, as to whether the application to remove was made in apt time, would be but obiter, and we prefer not to enter this field of discussion for the reason that "sufficient unto the day is the evil thereof."

There was error in making the order of removal, which is
Reversed.