G. A. WHITFORD, ADMINISTRATOR, v. NORTH STATE LIFE INSURANCE COMPANY.

(Filed 20 September, 1911.)

**Executors and Administrators—Removal of Causes—Action by Administrator—Venue.**

An action by an administrator upon a life insurance policy of his intestate is properly brought in the county where the administrator resides, not necessarily where the bond is filed, the addition of the words, "administrator, etc.," being descriptive of his title or the capacity in which he sues (Revisal, secs. 424 and 421) ; and Revisal, sec. 421, makes a distinction between actions in which the administrator is sued, for then the action shall be brought in the county where the bond is filed. Revisal, secs. 419, 421, have no application.

APPEAL from *Ferguson, J.,* at June Term, 1911, of CRAVEN.

This is a motion to remove an action from the county of. Craven to the county of Lenoir for trial.

The admitted facts are:

(1) The plaintiff is G. A. Whitford, administrator of W. B. Burgess.

(2) The defendant is a domestic corporation, whose principal place of business is in Lenoir County.

(3) The action is to recover the amount of a life insurance policy.

(4) The intestate Burgess was a resident of Lenoir County at the time of his death.

(5) The plaintiff qualified as administrator in Lenoir County.

(6) The plaintiff, G. A. Whitford, is a resident of Craven County.

The motion was allowed, and the plaintiff excepted and appealed.

*Guion & Guion for plaintiff.*
*Rouse & Land for defendant.*

ALLEN, J. The cause of action alleged in the complaint is not one of those provided for in section 419 of Revisal, which

must be tried in the county "in which the subject of the action, or some part thereof, is situated"; nor is it one of those mentioned in section 420 of Revisal, which are to be tried in the county "where the cause or some part thereof arose."

The section requiring actions against administrators to be instituted in the county where the bond of the administrator is given, has no application, because this is not an action against an administrator, but one brought by him.

As no provision is made elsewhere as to the place of trials of actions instituted by administrators, it follows that the controversy between the plaintiff and the defendant is dependent upon the construction of that part of section 424 of Revisal saying: "In all other cases the action shall be tried in the county in which the plaintiffs or the defendants, or any of them, shall reside at the commencement of the action."

The question is settled when we determine who are the parties to the record, because if G. A. Whitford is the party plaintiff, he is a resident of Craven and entitled to sue there.

In our opinion, by proper construction of section 424, in connection with section 421, he is the party plaintiff, and the addition of "administrator of W. B. Burgess" to his name is merely descriptive of his title or the capacity in which he sues. If this is not the correct view, and it was the intention of the Legislature that the place where letters of administration were taken out should determine the residence of the administrator, why is it that provision was not made in section 421 for actions by administrators as well as for actions against them?

The clear inference from the last section is that it was the purpose of the Legislature to make a distinction between actions by and against administrators, and when it is said that actions against administrators shall be brought in the county where the bond is filed, and nothing is said as to actions by administrators, it excludes the idea that actions instituted by the administrator are necessarily to be brought in the county in which letters are granted.

The case of *Rankin v. Allison,* 64 N. C., 674, seems to be in accord with this view. In that case the action was brought

in Caldwell County in the name of Jesse Rankin, guardian of John S. McRorie, against two defendants, one of whom was a nonresident of the State and the other a resident of Iredell County. The answer alleged that John S. McRorie was a resident of Iredell County at the commencement of the action. The Court treats the answer as an application for removal, and says: "We might regard the answer in this case as such an application; but then it does not allege that Rankin, the plaintiff of record, resides in Iredell County, and consequently, as for such a purpose the Court can only look to the parties of record, it could not be allowed." Here there is a direct statement that the Court can only look at the parties of record in deciding where the action shall be tried, and that Rankin, although suing as guardian of John S. McRorie, was the plaintiff of record.

The same rule is stated in Cyc., vol. 18, p. 912, as follows: "Actions which are transitory and not local in their nature need not be brought by a personal representative in the county where the estate is being administered."

We conclude that the order of removal was erroneous, and it is

Reversed.