W. M. SMITH, ADMR. OF JOSHUA GOSNELL, v. E. L. PATTERSON
AND SOUTHERN RAILWAY COMPANY.

(Filed 15 May, 1912.)

1. Railroads—Parties—Residence—Venue—Executors and Adminis-
   trators—Residence—Interpretation of Statutes.

   *Semble*, that the provision in Revisal, sec. 424, that actions
   against a railroad shall be tried "where the plaintiff resided at
   the time the cause of action arose," when applied to an action of
   an administrator for the negligent killing of his intestate, has
   reference to the residence of the individual holding the office,
   and not to the official residence or place where he may have
   qualified.

2. Railroads — Joinder of Parties—Venue—Residence—Removal of
   Causes.

   In an action for damages to recover of a railroad company
   and its engineer for the negligent killing of plaintiff's intestate,
   the cause is not removable if the defendant engineer is a resi-
   dent of the county wherein the action has been brought, though
   the other parties to the controversy are not residents thereof
   and the cause of action did not accrue therein. Revisal, sec. 424.

APPEAL from *Lyon, J.,* at March Term, 1912, of MECKLEN-
BURG.

Civil action, heard on motion for change of venue from the
county of Mecklenburg, where same was instituted, to the
county of Henderson, North Carolina.

The action was to recover damages for the death of intestate,
caused by the movements and operation of an engine of de-
fendant company attributed to the negligence of the company
and of E. L. Patterson, the engineer and employee of defendant
company at the time of the killing.

The court denied the motion and entered judgment embody-
ing the relevant facts in terms as follows:

"This cause coming on to be heard at the March (1912) Term
of Superior Court of Mecklenburg County, before his Honor,
C. C. Lyon, judge presiding, and being heard upon a motion
filed by the defendants at the January (1912) Term of the
Superior Court of Mecklenburg County, the following facts
are found by the court: "That this action was brought to the

January (1912) Term of this court, and that at said term, and before the time for filing answer had expired, defendants filed a written motion to remove this cause to Henderson County; that the intestate, Joshua Gosnell, was killed at Melrose, in Polk County, North Carolina, on or about 28 July, 1911, and was at the time of his death a resident of the county of Henderson, State of North Carolina; that subsequent to the time of the said Gosnell's death, and previous to the time of the institution of this action, W. M. Smith, a resident of Mecklenburg County, North Carolina, now and at the time of death of said Gosnell, qualified as administrator of the estate of Joshua Gosnell, before the Clerk of the Superior Court of Henderson County, North Carolina; that the defendant E. L. Patterson is, and was at the time of the death of the said Gosnell, a resident of Polk County, North Carolina. It is, therefore, considered and adjudged by the court that this action was properly brought in Mecklenburg County, North Carolina; and it is further ordered and adjudged that the defendant's motion to move to Henderson or Polk County be not allowed."

Defendants excepted and appealed.

*C. W. Tillett, Jr., and Tillett & Guthrie for plaintiff.*
*O. F. Mason and Shannonhouse & Jones for defendant.*

HOKE, J., after stating the case: The validity of his Honor's ruling is dependent upon the proper construction of section 424, Revisal, in terms as follows: "In all other cases the action shall be tried in the county in which the plaintiffs or the defendants, or any of them, shall reside at the commencement of the action; or if none of the defendants shall reside in the State, then in the county in which the plaintiffs, or any of them, shall reside; and if none of the parties shall reside within the State, then the same may be tried in any county which the plaintiff shall designate in his summons and complaint, subject, however, to the power of the court to change the place of trial in the cases provided by statute: *Provided,* in all actions against railroads the action shall be tried either in the county where the cause of action arose, or in some county where the plaintiff

resided at the time the cause of action arose, or in some county adjoining the county in which the cause of action arose, subject, however, to the power of the court to change the place of trial in the cases provided by statute." Authoritative interpretations of this and legislation of similar import elsewhere would seem to favor the position that in respect to actions instituted by an administrator and coming within the effect of the proviso, the terms appearing therein, "where plaintiff resided at the time the cause of action arose," have reference to the residence of the individual holding the office and not to the official residence or place where he may have qualified. *Whitford v. Insurance Co.*, 156 N. C., 42; *Roberson v. Lumber Co.*, 153 N. C., 120; *R. R. v. Stith,* 120 Ky., 237; *Turner v. R. R.,* 110 Ky., 819. Without present decision of this question, however, we are all of opinion that the proviso to the section should be construed and held to apply to cases where a railroad company alone is defendant, and that the venue in actions where there are other parties defendant should come within the body of the act. This is not only the primary and natural meaning of the language used, but without express requirement it would be unreasonable to hold that the rights of all other litigants should be made subservient to a particular class, and this without regard to the convenience of the parties or the amount of the interest involved.

On authority, therefore, and owing to the joinder of the individual defendant Patterson, the action is properly brought in Mecklenburg County. *Whitford v. Insurance Co., supra.*

There is no error, and the judgment below is

Affirmed.