J. S. H. CLARK LUMBER COMPANY v. MRS. MARY E. CURRIE, EXECUTRIX, AND J. L. CURRIE LUMBER COMPANY.

(Filed 17 November, 1920.)

**Executors and Administrators—Actions—Venue—Removal of Causes.**

> Where the personal representative is sued and it does not appear from the complaint whether the action was brought against him as executor or trustee under the will of the deceased, the presumption is that he was sued in his capacity as executor, and the estate is in some way sought to be charged; and when the action is brought outside of the county wherein the defendant had qualified, it is in proper proceedings aptly brought, removable to the county wherein he has duly qualified, provided either he or the surety on his bond lives therein.

WALKER, J., concurs on ground different from that stated in the opinion of the Court, in which opinion ALLEN, J., concurs.

CIVIL ACTION pending in the Superior Court of ANSON, heard by *McElroy, J.,* at October Term, 1920, upon a motion of the defendant to remove the cause to the county of MOORE. The court allowed the motion, and the plaintiff appealed. The judge found the following facts:

That the defendants, after the filing of the complaint, and before the time for answering expired, filed their demand in writing to remove the cause to the Superior Court of Moore County. All the defendants are residents and citizens of the county of Moore; the testator of the defendant, Mary Belle Currie, executrix of J. L. Currie, who died domicile in said county of Moore, and letters testamentary were issued thereon to Mary Belle Currie in said county of Moore. The plaintiff is a foreign corporation, created by the laws of New Jersey on 31 October, 1917, filed in the office of the Secretary of State of North Carolina a duly attested copy of its charter issued by the State of New Jersey, together with a statement pursuant to the laws of the State of North Carolina

required for permitting foreign corporations to do business in this State. The plaintiff has property in the county of Anson, and in the said statement it is made to appear that the location of its principal office is at Wadesboro, county of Anson, North Carolina.

*Brock & Henry and McLendon & Covington for plaintiff.*
*U. L. Spence for defendant.*

BROWN, J. There are two grounds upon which the motion for removal is based:

1. That the plaintiff has no right to bring its action in the county of Anson simply because it had property in said county at the time of the commencement of the action, and that the location of its principal office in North Carolina is at Wadesboro in said county, and that the agent upon whom process may be served resides there. It is unnecessary to pass upon this question, as in our opinion the cause was properly removable upon the second ground, namely, that the action must be brought in the county where the executrix took out letters testamentary.

It is well settled in this State that an administrator or executor must be sued in the county in which he took out letters of administration or letters testamentary, provided he, or any one of his sureties, lives in that county, whether he is sued on his bond or simply as administrator or executor. *Stanley v. Mason,* 69 N. C., 1; Clark's Code, sec. 193, and cases cited in the notes. It doesn't appear in the complaint exactly what the cause of action against the executrix is. The presumption is, therefore, that it relates to and seeks to charge the estate of her testator. It nowhere appears that the cause of action of the plaintiff relates exclusively to the execution of a trust committed to the executor by the will. In this latter case the action would be more in the nature of one seeking to charge the executor personally for the conduct and management of the trust. *Roberts v. Connor,* 125 N. C., 45.

Upon the face of the complaint, and the facts found by his Honor, we think the cause was properly removed to the county of Moore.

Affirmed.

WALKER, J., concurs in result, being of opinion that the cause was removable on grounds additional to the one stated in the opinion of the Court.

ALLEN, J., concurs in opinion of WALKER, J.