JAMES MONTFORD ET AL. v. MOSE SIMMONS ET AL.

(Filed 9 March, 1927.)

**Actions—Executors and Administrators—Courts—Jurisdiction—Transfer of Causes—Removal of Causes—Motions.**

> An action against one who has qualified as administrator of the deceased to recover money collected upon his policy of life insurance, among other things for services rendered the deceased by the plaintiffs during his life time, is an action against the defendant in his capacity of administrator, and not against him personally, and should be removed on proper motion to the court in the county wherein letters testamentary were granted. C. S., 465.

CIVIL ACTION, before *Harris, J.,* at January Term, 1927, of HARNETT.

The plaintiff alleged that in 1900 a negro boy named Sam Humphrey was deserted by his father and driven away from home by his mother, Mag Humphrey; that he went to the home of Handy and Dilcy Mont-

ford, who took him into their home and cared for him. The boy thereupon changed his name to William Montford, and was thereafter known as William Montford. The reputed mother of William Montford, to wit, Mag Humphrey, without being divorced, married or went to live with one Mose Simmons as his wife. William Montford enlisted in the army and died or was killed in France, and at the time of his death had a policy of war risk insurance, amounting to $10,000, said policy being payable to Dilcy Montford, his foster mother, as beneficiary. Dilcy Montford, foster mother of said William Montford, died on 19 May, 1924, and her husband, Handy Montford, qualified as her administrator. In a few months Handy Montford also died, leaving the plaintiffs in this action as his and his wife's sole heirs at law and distributees. The defendant, J. W. Burton, duly qualified as administrator of William Montford and as such administrator has collected on said insurance policy, and now has in his hands the sum of $7,839.00.

The said Burton qualified as administrator of William Montford in Onslow County and is a resident of said county. This action was brought in Harnett County. In apt time the defendant, Burton, administrator, filed an affidavit requesting that the suit be removed to Onslow County. The plaintiffs resisted the motion to remove the case to Onslow County on the ground that the administrator was not sued in his official capacity. The motion for removal was heard by the clerk of the Superior Court of Harnett County, who declined to remove the cause, and thereupon the matter was transferred to the judge for determination.

The following judgment was rendered: "This cause coming on to be heard, and having been heard on the motion of the counsel for defendants to have the said cause removed to the Superior Court of Onslow County, for the reason that the said J. W. Burton qualified as administrator in the county of Onslow, and that the said action is against him in his official capacity.

It is ordered that the order of L. M. Chaffin, clerk of the Superior Court of Harnett County, denying said motion be, and the same is hereby affirmed."

From the foregoing judgment the defendant, Burton, appealed.

*Young & Young for plaintiffs.*
*Varser, Lawrence, Proctor & McIntyre for defendants.*

BROGDEN, J. Is a suit against an administrator by parties claiming all the funds comprising the estate of an intestate, a suit against the administrator in his "official capacity" within the meaning of C. S., 465?

C. S., 465, provides that "all actions upon official bonds or against executors and administrators in their official capacity must be instituted in the county where the bonds were given," etc.

The defendant, Burton, qualified as administrator in Onslow County and letters of administration were duly issued to him in said county, and this action was instituted in Harnett County. The controversy, therefore, is confined to the question as to whether or not this suit is against the administrator in his official capacity.

When does an action involve official capacity? The essential elements thereof, established by the decisions in this State, are as follows:

1. Where the action undertakes to assert a debt or claim against the estate of the intestate.

2. When the action involves the settlement of the accounts of the administrator.

3. Where the action involves the distribution of the estate to the parties entitled thereto. *Stanley v. Mason,* 69 N. C., 1; *Clark v. Peebles,* 100 N. C., 348; *Roberts v. Connor,* 125 N. C., 45; *Perry v. Perry,* 172 N. C., 62; *Craven v. Munger,* 170 N. C., 424; *Hannon v. Power Co.,* 173 N. C., 520; *Lumber Co. v. Currie,* 180 N. C., 391.

In *Stanley v. Mason, supra,* it is declared that: "The object of the statute was to have suits against these persons, whether upon their bonds or not, in the county where they took out letters, and where they make their returns and settlements, and transact all the business of the estate in their hands." The same principle is recognized and approved in *Lumber Co. v. Currie,* 180 N. C., 391, in this language: "It is well settled in this State that an administrator or executor must be sued in the county in which he took out letters of administration or letters testamentary, provided he, or any of his sureties, lives in that county, whether he is sued on his bond or simply as administrator or executor."

The plaintiffs allege that they are the next of kin of Dilcy Montford, "and by reason of same, are the owners of and entitled to possession of the insurance money in the hands of J. W. Burton, administrator." The plaintiffs further allege that the deceased, William Montford, promised and agreed to pay his foster parents, Handy and Dilcy Montford, "for keeping him during his infancy and for raising him to manhood." The record further discloses that the plaintiffs "pray judgment that they recover of the defendants and each of them the sum of $7,839 with interest." Therefore, it appears that the plaintiffs seek to obtain a judgment against the administrator for the entire funds in his hands, and, further, that the plaintiffs are seeking to enforce a promise made by the intestate to pay Handy and Dilcy Montford for his maintenance during his minority, and also to assert a claim against the administrator for the distribution of the entire fund in his hands. The assertion of

these claims necessarily involves the discharge of official duties by the administrator, and, therefore, under the statute and under the decisions of this Court, the suit should have been removed to Onslow County.

Plaintiffs rely upon the cases of *Roberts v. Connor*, 125 N. C., 46, and *Craven v. Munger*, 170 N. C., 425. In the *Craven case* the suit was not brought against Mrs. Munger as executrix at all, but was brought against her personally for personal services rendered her in the discharge of her duties as executrix of her husband. In the opinion of the Court it is specifically pointed out that the suit was not brought for a settlement of her accounts as administratrix or executrix or even for a debt of her intestate. So that the *Craven case,* in its final analysis, supports the contention of defendant. In the *Roberts v. Connor case* it was held that: "There are no allegations in the complaint charging or suggesting that the action is founded on a debt or a liability of 'A. Branch,' nor is it suggested that the defendant has violated any of the trusts imposed on him by the terms of the will of 'A. Branch.' If these things had been alleged in the complaint, it would have been a proper case for removal."

The present action is based upon a claim against the estate of the intestate and involves a settlement of the accounts of the administrator and the distribution of funds in his hands. This suit, therefore, is a suit against the defendant in his official capacity.

Reversed.