STATE OF NORTH CAROLINA EX REL. GARLAND A. THOMASSON, GUARDIAN OF HENRY ROSE, A MINOR, v. M. K. PATTERSON, EXECUTRIX OF THE ESTATE OF A. S. PATTERSON, DECEASED, ET AL.

(Filed 2 March, 1938.)

1. Statutes § 5a—

Conflicting provisions of a statute, like conflicting provisions of two acts dealing with the same subject matter, will be reconciled if this can be done by a fair and reasonable intendment.

**2. Venue § 1—Action on guardianship bond is properly brought in county where bond was given and sureties reside, although brought against executrix of principal who qualified in another county.**

An action against an executrix to recover on a guardianship bond executed by testator is properly brought in the county in which the bond was given and the sureties thereon resided and in which the administrators of the sureties qualified, and the motion of defendant executrix to remove as a matter of right to the county in which she qualified is properly denied, the primary and controlling intent of C. S., 465, being that actions on official bonds should be instituted in the county in which the bonds were given if the principal or any surety on the bond is in the county.

**3. Same—**

An action against an executor or administrator in his official capacity must be instituted in the county in which he qualified unless the action is on an official bond executed by the deceased.

**4. Venue § 8a—Where statute makes place where bond was given and sureties or principal reside controlling, insolvency of parties is immaterial.**

In an action on a guardianship bond instituted in the county in which the bond was given and the sureties resided, the contention that the sureties were insolvent and that their administrators were joined to prevent removal to the county in which the executrix of the principal on the bond qualified, is untenable, since the controlling factors are the place where the bond was given and the residence of the sureties and not the solvency or insolvency of the sureties. C. S., 465.

APPEAL by defendant M. K. Patterson, executrix of the estate of A. S. Patterson, deceased, from *Johnston, J.*, at November Term, 1937, of BUNCOMBE. Affirmed.

This is a civil action instituted by the State of North Carolina *ex rel.* Garland A. Thomasson, guardian of Henry Rose, a minor, upon the official guardianship bond of A. S. Patterson, now deceased. A. S. Patterson, original guardian of Henry Rose, qualified as such in Buncombe County and filed his guardianship bond with the clerk of the Superior Court of said county, with B. B. Jones and J. C. Penland as sureties thereon. Said guardian having died domiciled in Swain County, the defendant M. K. Patterson qualified as executrix of his last will and testament in Swain County. B. B. Jones, a resident of Buncombe County and surety on said bond, having died, the defendant Lela J. Sisk qualified as administratrix of his estate in Buncombe County. J. C. Penland, resident of Buncombe County and surety on said bond, having died, the defendant Eugene Garland qualified as administratrix of his estate in Buncombe County. The defendant M. K. Patterson, executrix of the last will and testament of A. S. Patterson, deceased, filed motion for a change of venue to Swain County, alleging that inasmuch as she qualified as administratrix of A. S. Patterson, deceased, in

Swain County, the cause should be removed to said county for trial as a matter of right. The motion was denied and said defendant excepted and appealed.

*Parker, Bernard & Parker for plaintiff, appellee.*
*Edwards & Leatherwood and Jones, Ward & Jones for defendant M. K. Patterson, executrix, appellant.*

BARNHILL, J. The defendant, in demanding a removal of this cause to Swain County as a matter of right, relies upon C. S., 465, in which it is provided that: "All actions upon official bonds or against executors and administrators in their official capacity must be instituted in the county where the bonds were given, if the principal or any surety on the bond is in the county; if not, then in the plaintiff's county."

This section seems to be incomplete in its terms. It provides that all actions upon official bonds, *or against executors and administrators in their official capacity,* must be instituted in the county where *the bonds* were given if the principal or any surety on the bond is in the county. Where the action is against executors and administrators, but not upon any official bond, it makes no provision for the venue of the suit. However, this Court has construed the statute to mean that suits against executors and administrators in their official capacity must be instituted in the county in which the executor or administrator qualified. Giving force to these decisions an apparent conflict arises in the instant case. This action is upon an official bond given in Buncombe County, and two of the sureties on said bond resided in Buncombe County and their administrators qualified in that county. On the other hand, the principal on said bond resided in Swain County, and the executrix of his last will and testament qualified in the latter county.

Under the terms of this statute, should defendant's motion be granted as a matter of right? We must answer this question in the negative.

When there are two acts of the Legislature applicable to the same subject, the terms of which are in conflict, their provisions are to be reconciled if this can be done by fair and reasonable intendment. It is apparent from a reading of this statute that its primary intent was to provide that suits upon official bonds should be instituted in the county where the bonds were given if the principal or any surety on the bond is in the county. Here the bond was given in Buncombe County. The administrator of J. C. Penland, a surety, and the administrator of B. B. Jones, a surety, each lives in Buncombe County. Buncombe County, therefore, is the proper venue, not only by virtue of the fact that the bond, which is the subject matter of the action, was given in Buncombe County, but by virtue of the further fact that the administrators of each of the sureties live in said county. To hold otherwise

would merely serve to create confusion and irreconcilable conflicts. Should the cause be removed to Swain County for the reason now assigned by the appealing defendant, then immediately each of the other defendants could move for a change of venue to Buncombe for the reason that they were administrators of the estates of sureties and the bond was given in Buncombe County, or else the plaintiff would be forced to institute two separate suits, one in Swain County against the appealing defendant and another in Buncombe County against the other defendants to have his rights determined.

We therefore hold that the provision of C. S., 465, that an action upon an official bond shall be instituted in the county where the bond is filed, if the principal or any one of the sureties on said bond resides in said county, is controlling. Actions against executors and administrators in their official capacity, when not upon an official bond filed in some other county, must be instituted in the county where the executor or administrator qualified. The provision that the action must be instituted in the county where the bond, which is the subject matter of the action, was filed is dominant. Except where the action is on an official bond the former decisions of this Court will be adhered to.

The defendant contends that, it being shown that the plaintiff admits the insolvency of the estates of the sureties, the joinder of the administrators of the estates of the sureties is for the purpose of depriving the Superior Court of Swain County of jurisdiction. This contention cannot prevail. It is the fact that the bond was given in Buncombe County and the residence of the sureties in that county that fixes the venue, not the solvency or insolvency of the estates of the surety. The condition of the estates of the sureties cannot be held to affect the plain wording of the statute.

The judgment of the court below is
Affirmed.