Civil action to recover of defendant for property allegedly received by her as sole legatee and devisee under the last will and testament of A. S. Patterson, deceased — heard upon motion of defendant for change of venue.
Plaintiff alleges these pertinent facts: On 19 May, 1926, A. S. Patterson was appointed, in Buncombe County, North Carolina, guardian of plaintiff, a minor, resident of said county, and acted as such until the date of his death on 9 December, 1933. On 5 April, 1934, Garland A. Thomasson was appointed and qualified as guardian of plaintiff and acted in that capacity until the plaintiff became twenty-one years of age on 10 March, 1939.
Under the last will and testament of A. S. Patterson, deceased, admitted to probate in Swain County, North Carolina, M. K. Patterson, the defendant herein, was named as executrix and sole legatee of all personal property and devisee of all real property belonging to the testator at the time of his death. M. K. Patterson qualified as executrix in Swain County. In 1936, upon objection to report, dated 26 February, 1935, filed by M. K. Patterson, executrix as aforesaid, purporting to be a final account of the guardianship of A. S. Patterson as guardian of Henry Rose, minor, it was ascertained by the clerk of Superior Court of Buncombe County that there was a balance of $1,559.25 due to the ward. Subsequently, in an action in the Superior Court of Buncombe County entitled "State of North Carolina, exrel. Garland A. Thomasson, Guardian of Henry Rose, Minor, v. M. K. Patterson, Executrix of A. S. Patterson, Deceased, et al.," judgment was rendered at the June Term, 1938, in favor of the plaintiff and against the defendant for the said sum of $1,559.25, with interest. To motion of plaintiff therein for leave to issue execution under this judgment defendant therein by answer asserted that she, as executrix, had fully administered the estate of A. S. Patterson and had filed final report which was approved by the clerk of Superior Court of Swain County, on 12 December, 1936. Thereupon, motion of defendant therein to remove the action to Superior Court of Swain County for further proceeding was allowed. Thereafter plaintiff withdrew motion for leave to issue execution. Subsequently, on 8 December, 1939, the plaintiff, who was then twenty-one years of age, and resident of Buncombe County, instituted the present action, in Superior Court of said county, and upon information and belief alleges, inter alia, "that defendant as the sole legatee and devisee under the last will and testament of A. S. Patterson, deceased, received from herself as executrix of said estate and has taken into her possession and holds the same as her own, assets sufficient to pay off and discharge the debt owing to plaintiff." *Page 214 
In apt time and after notice defendant filed a motion for the removal of the action, as a matter of right, from the Superior Court of Buncombe County to the Superior Court of Swain County for trial for that the action is based upon a claim against the estate of A. S. Patterson, deceased, and involves a settlement of the accounts of the defendant, M. K. Patterson, as executrix of the will of said A. S. Patterson, and the distribution of funds in her hands.
The clerk of Superior Court, "after consideration of the facts alleged in the complaint," finding that plaintiff is a resident of Buncombe County and being of opinion that the action is not one against the executrix in her official capacity, but that plaintiff is seeking to recover against the defendant for property which plaintiff alleges she, as sole beneficiary, received from the estate of testator, and which should have been administered and paid on his debt against the estate, denied the motion of defendant. Upon appeal to him, the judge of Superior Court approved and affirmed the order of the clerk. Defendant appeals to Supreme Court and assigns error.
The judgment below is correct. The record discloses that this action is not against M. K. Patterson in her official capacity as executrix of the last will and testament of A. S. Patterson, deceased, but is against her individually. While plaintiff has a judgment against the estate of the testator, he seeks to hold the defendant liable personally for the value of such property of the estate as she, as legatee and devisee under the will, has received. It is alleged that she, individually, has received from herself as executrix of said will, and "holds as her own," assets sufficient to pay off and discharge the debt owing to plaintiff. If defendant has received any such property the statute (C. S., 59) makes her liable therefor to the creditors of the estate to the limit provided in succeeding sections. C. S., 60, 61, 62, 63 and 64. Hence, plaintiff, being creditor of the estate, is entitled to choose the county of his residence as the forum for the trial of the action. C. S., 469. Craven v. Munger,170 N.C. 424, 87 S.E. 216.
The cases of Perry v. Perry, 172 N.C. 62, 89 S.E. 999; Lumber Co. v.Currie, 180 N.C. 391, 104 S.E. 654; and Montford v. Simmons, 193 N.C. 323,136 S.E. 875, upon which defendant relies, are distinguishable from the case in hand.
 Affirmed. *Page 215