## HENRY ROSE v. M. K. PATTERSON.

(Filed 24 September, 1941.)

**1. Pleadings § 26a: Trial § 24—**

Where the complaint alleges that defendant, as executrix, turned over to herself as legatee, personalty of the estate of plaintiff's debtor, and thus obtained personal enrichment at the expense of creditors of the estate, C. S., 59, *et seq.*, but the evidence tends to show, at most, *devastavit*, defendant's motion to nonsuit is properly allowed on the ground of variance between the allegation and the proof, since the burden is on plaintiff to prove the cause alleged in the complaint.

**2. Venue § 1b—**

Complaint *held* to allege cause against defendant as devisee for personal enrichment at the expense of creditors of the estate, C. S., 59, and not against her in her capacity as executrix, and her motion to remove to the county of her qualification was properly denied, notwithstanding that plaintiff's evidence tends to show *devastavit*, since an action is governed by the pleadings.

APPEAL by plaintiff from *Bobbitt, J.,* at April Term, 1941, of BUNCOMBE.

Civil action to enforce liability against defendant for debt of A. S. Patterson, deceased, to the value of property received by defendant from decedent.

From judgment of nonsuit entered at the close of all the evidence, plaintiff appeals, assigning error.

*Parker, Bernard & Parker for plaintiff, appellant.*
*Edwards & Leatherwood and Jones, Ward & Jones for defendant, appellee.*

STACY, C. J. In this action the plaintiff seeks to hold the defendant personally liable for his claim against the estate of A. S. Patterson, deceased, to the extent of property received by the defendant from the decedent. C. S., 59, *et seq.* The character of the action was considered on two former appeals, reported in 218 N. C., 212, 10 S. E. (2d), 678, and *sub. nom., Thomasson v. Patterson,* 213 N. C., 138, 195 S. E., 389.

The evidence on the trial, if inculpatory at all, points only to a *devastavit* on the part of the defendant as executrix of the estate of A. S. Patterson, deceased, and not to any personal enrichment at the expense of creditors. The nonsuit is justified on the ground of a variance between the allegation and the proof. *S. v. Jackson,* 218 N. C., 373, 11 S. E. (2d), 149; *S. v. Franklin,* 204 N. C., 157, 167 S. E., 569; *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6. "The parties must allege their cause of action or defense, and prove the same on the trial, and a variance arises when the evidence offered does not correspond with the allegations of the pleading." McIntosh, Practice and Procedure, 517.

The refusal to remove the case to Swain County for trial was upheld on the allegations of the complaint. 218 N. C., 212. The case is to be tried on the pleadings. *Green v. Biggs,* 167 N. C., 417, 83 S. E., 553; *S. v. George,* 188 N. C., 611, 125 S. E., 189, and cases there cited.

Affirmed.