MRS. ELLEN C. ROGERS v. L. S. HALL and E. D. SWAIN.

(Filed 30 April, 1947.)

**1. Landlord and Tenant § 14—**

Both a covenant not to assign and a covenant not to sublet are restrictions upon the common law right of alienation, and will be strictly construed to prevent the restraint from going beyond the expressed stipulation.

**2. Same—**

A covenant not to assign and a covenant not to sublet are not identical in meaning or effect, and a lease which contains a covenant not to sublet but no covenant not to assign, is not breached by an assignment.

**3. Ejectment §§ 2, 4—**

Averment in the affidavit in summary ejectment that defendants entered into possession as lessees and their term had expired is jurisdictional, G. S., 42-28, and plaintiff must prove her case as alleged.

APPEAL by plaintiff from *Harris, J.,* at November Special Term, 1946, of WAKE.

Action in summary ejectment.

Plaintiff leased premises designated 129 East Martin Street, Raleigh, N. C., to W. G. Weems and Otis M. Banks for a term of years ending 2 March, 1950. The lease contains a condition which prohibits the subletting of the premises without the consent of the owner.

Thereafter the lessees assigned their lease to one Parrish who went into possession. Parrish complied with the terms and conditions of the lease for a period of time and then assigned the contract to D. B. Sherrill and J. Paul Cheek. Sherrill and Cheek remained in possession several

months, paying the rent therefor to plaintiff. On 23 September 1946 they assigned the lease to the defendants herein who took possession and tendered the rent as it became due, but plaintiff refused to accept payment or to recognize the assignment. Instead, on 14 October 1946, she instituted this action in summary ejectment before a magistrate who, on the hearing, rendered judgment for plaintiff. The defendants appealed..

When the case came on to be heard in the Superior Court, the parties waived trial by jury and submitted the cause to the judge on facts agreed as here summarized. The judge, being of the opinion "that the provisions and conditions of the lease have not been violated and that there has not been a forfeiture under the lease," rendered judgment for defendants and plaintiff appealed.

*Briggs & West for plaintiff appellant.*
*Brassfield & Maupin for defendant appellees.*

BARNHILL, J. This appeal poses one question for decision: Does the assignment of a lease contract breach a covenant therein not to sublet without the consent of the lessor? We are constrained to answer in the negative.

A covenant not to assign and a covenant not to sublet have the same general objective—the restriction of the common law right of alienation. Even so, they are by no means coextensive. Each has a distinctive meaning. *Springs v. Refining Co.,* 205 N. C., 444, 171 S. E., 635; *Millinery Company v. Little-Long Company,* 197 N. C., 168, 148 S. E., 26; *Hargrave v. King,* 40 N. C., 430; *Oil Co. v. Taylor,* 79 A. L. R., 1374; 32 A. J., 289, 290, 331.

Such provisions in a lease contract are in restraint of alienation. 32 A. J., 296, 333. As such they are not looked upon with favor. 32 A. J., 296. Instead they are so construed as to prevent the restraint from going beyond the express stipulation. *Millinery Company v. Little-Long Company, supra; Warren v. Breedlove,* 219 N. C., 383, 14 S. E. (2d), 43; *Temple Co. v. Guano Co.,* 162 N. C., 87, 77 S. E., 1106; *Francis v. Ferguson,* 55 A. L. R., 982; *Chapman v. Gypsum Co.,* 85 A. L. R., 917; Anno. 79 A. L. R., 1379; 32 A. J., 297.

On the theory that a sublease and an assignment of a lease are so distinct that the mention of one does not include the other, the general rule is that an assignment of the lease is not a breach of a covenant against subletting. *Millinery Company v. Little-Long Company, supra;* 7 A. L. R., 246; Anno. *ibid.,* 249; *Oil Co. v. Taylor, supra;* Anno. 79 A. L. R., 1379.

The lease contract under which defendants claim the right of possession contains no covenant not to assign. It is agreed they are now the

owners thereof by *mesne* transfers from the original tenants.  Therefore, on this record, plaintiff has failed to show cause for ejectment.

Furthermore, plaintiff, in her affidavit filed by way of complaint, G. S., 42-28, alleges that defendants entered into possession of the *locus* as her lessees and their term has expired.  The averment is jurisdictional, *Howell v. Branson,* 226 N. C., 264, and she must prove her case as alleged.  *Rose v. Patterson,* 220 N. C., 60, 16 S. E. (2d), 458; *Peoples v. Fulk,* 220 N. C., 635, 18 S. E. (2d), 147; *Whichard v. Lipe,* 221 N. C., 53, 19 S. E. (2d), 14; *Coley v. Dalrymple,* 225 N. C., 67.  This she has failed to do.

The judgment below is
Affirmed.