JOHN L. WIGGINS, JR., ADMINISTRATOR OF THE ESTATE OF ANN WIGGINS BELOFF, v. HORACE FINCH AND BRANCH BANKING & TRUST COMPANY, ADMINISTRATOR OF THE ESTATE OF W. C. AYCOCK.

(Filed 27 September, 1950)

**1. Venue § 3—**

Where an action is brought in the wrong county, defendant is not entitled to abatement or dismissal, since venue is not jurisdictional, but is entitled only to removal to the proper county if motion therefor is made in apt time, since otherwise the question of venue is waived. G.S. 1-83.

**2. Venue § 1b—**

The proper venue of an action against an executor or administrator in his official capacity is the county wherein the executor or administrator

qualified and the letters were issued, G.S. 1-78, unless otherwise provided by statute.

**3. Same—**

An action on the official bond of an executor or administrator should be instituted in the county where the bond was given if he or any surety on his bond lives in that county, and if not, plaintiff may then institute such action in the county of plaintiff's residence.

**4. Same—**

The rule that the venue of an action against an executor or administrator in his official capacity is the county wherein the letters testamentary were issued is not affected by the fact that neither the personal representative nor any surety on his bond lives in such county, nor by the fact that the personal representative has not given bond because exempt from so doing by statute. G.S. 53-159.

**5. Same—**

The fact that the principal place of business of a corporate executor or administrator is a county other than the one in which the letters testamentary were issued does not affect the question of venue of an action against such executor or administrator in its official capacity. G.S. 1-79.

**6. Same—**

The fact that an individual is joined as a defendant with an executor or administrator, and that the individual defendant is a resident of the county in which the cause of action is brought, *held* not to affect the executor or administrator's right to removal to the county in which it qualified. G.S. 1-78.

**7. Same—.**

G.S. 1-78 applies only to suits instituted against executors or administrators, and has no application to suits instituted by them.

**8. Venue § 4b—**

The fact that a motion for change of venue is allowed as a matter of right does not preclude plaintiff from thereafter moving that the cause be removed back to the original county or some other county for the convenience of witnesses and the promotion of the ends of justice. G.S. 1-83.

APPEAL by the defendant, Branch Banking & Trust Company, Administrator of the estate of W. C. Aycock, from *Nimocks, J.,* at June Term, 1950, of Wilson.

This is a civil action instituted in the Superior Court of Wilson County to recover damages for the alleged wrongful death of plaintiff's intestate.

1. Plaintiff alleges that the wrongful death of his intestate was caused by the joint and concurrent negligence of W. C. Aycock, the intestate of Branch Banking & Trust Company, and the defendant Horace Finch. Plaintiff's intestate, Ann Wiggins Beloff, and the late W. C. Aycock died,

1 January, 1950, as the result of an automobile collision in Wilson, North Carolina, between cars owned by the defendant Horace Finch, a resident of Wilson County, and the late W. C. Aycock.

2. Plaintiff's intestate was a resident of Wilson County at the time of her death; and the plaintiff, a resident of said county, is the duly qualified administrator of her estate.

3. The defendant, Branch Banking & Trust Company, is a banking corporation with its principal office in Wilson, North Carolina. This corporation maintains a trust department and is duly authorized by G.S. 53-159 to act in a fiduciary capacity as guardian, trustee, assignee, receiver, executor or administrator in this State without giving any bond.

4. The defendant corporation has a place of business, or branch office, in Fremont, Goldsboro and Pikeville, in Wayne County.

5. W. C. Aycock was a resident of Wayne County at the time of his death and Branch Banking & Trust Company, through its office at Fremont, North Carolina, qualified as administrator of his estate in Wayne County, North Carolina.

The defendant, Branch Banking & Trust Company, administrator of W. C. Aycock, in apt time, filed a motion in the cause asking, first, that the action be abated and dismissed as a matter of right, and if this should be denied, that the action be removed as a matter of right to the Superior Court of Wayne County. Both the plaintiff and defendant, Horace Finch, filed answers to the motion in which they denied the right of the defendant administrator to the abatement of the action and to the change of venue.

The motion was denied by the Clerk of the Superior Court and, upon appeal, by the Judge of the Superior Court. The defendant administrator thereupon appealed to the Supreme Court and assigns error.

*Lucas & Rand and Z. Hardy Rose for John L. Wiggins, Jr., Administrator.*

*Connor, Gardner & Connor for Horace Finch.*

*Paul B. Edmundson, Dees & Dees, Fred P. Parker, Jr., and James N. Smith for Branch Banking & Trust Company.*

DENNY, J. The appellant is not entitled to an abatement of this action, even though it be conceded it was instituted in the wrong county. It has been repeatedly held that our statutes relating to venue are not jurisdictional, and that if an action is instituted in the wrong county it should be removed to the proper county, and not dismissed, if the motion for removal is made in apt time, otherwise the question of venue will be waived. G.S. 1-83; *Davis v. Davis,* 179 N.C. 185, 102 S.E. 270; *Roberts v. Moore,* 185 N.C. 254, 116 S.E. 728; *Bohannon v. Wachovia Bank &*

*Trust Co.,* 210 N.C. 679, 188 S.E. 390; *Shaffer v. Bank,* 201 N.C. 415, 160 S.E. 481; *Calcagno v. Overby,* 217 N.C. 323, 7 S.E. 2d 557; *Wynne v. Conrad,* 220 N.C. 355, 17 S.E. 2d 514.

The motion for change of venue presents a more serious question. The appellant is relying on the provisions of G.S. 1-78, in which it is provided that: "All actions against executors and administrators in their official capacity, except where otherwise provided by statute, and all actions upon official bonds must be instituted in the county where the bonds were given, if the principal or any surety on the bond is in the county; if not, then in the plaintiff's county."

The statute lacks completeness in its terms. Nevertheless, we are of the opinion that it was the intent of the Legislature to require all actions against executors and administrators in their official or representative capacity to be instituted in the county where the letters of administration were taken out, except where otherwise provided by statute. And that all actions against executors and administrators upon their official bonds must be instituted in the county where the bonds were given, if the maker or any surety thereon lives in the county, if not, then in the plaintiff's county.

In the case of *Stanley v. Mason, Admr.,* 69 N.C. 1, *Justice Reade,* in speaking for the Court, said: "The object of the statute was to have suits against these persons, whether upon their bonds or not, in the county where they took out letters, and where they make their returns and settlements, and transact all the business of the estates in their hands."

The statute has been similarly construed in *Foy, Admr., v. Morehead, et al., Admr.,* 69 N.C. 512; *Bidwell v. King,* 71 N.C. 287; *Wood v. Morgan,* 118 N.C. 749, 24 S.E. 522; *Farmers State Alliance v. Murrell,* 119 N.C. 124, 25 S.E. 785; *Thomas v. Ellington,* 162 N.C. 131, 78 S.E. 12; *Lumber Co. v. Currie,* 180 N.C. 391, 104 S.E. 654; *Montford v. Simmons,* 193 N.C. 323, 136 S.E. 875; *Thomasson v. Patterson,* 213 N.C. 138, 195 S.E. 389; *Godfrey v. Power Co.,* 224 N.C. 657, 32 S.E. 2d 27. *Cf. Latham v. Latham,* 178 N.C. 12, 100 S.E. 131.

The appellees are relying upon *Clark v. Peebles,* 100 N.C. 348, 6 S.E. 798; *Smith v. Patterson,* 159 N.C. 138, 74 S.E. 923, and the statement contained in the opinion in *Lumber Co. v. Currie, supra,* as follows: "It is well settled in this State that an administrator or executor must be sued in the county in which he took out letters of administration or letters testamentary, provided he, or any one of his sureties, lives in that county, whether he is sued on his bond or simply as administrator or executor." This statement is also quoted in *Montford v. Simmons, supra.* However, we do not think those opinions support the view that unless a bond is filed and the principal or one of his sureties lives in the county, a plaintiff can ignore the provisions of the statute and bring the suit in his own

county against an executor or administrator in his official capacity. For, in the opinion in *Lumber Co. v. Currie, supra,* there is nothing to indicate that the executor was required to file a bond before qualifying. Even so, the Court said "the action must be brought in the county where the executrix took out letters testamentary." If the action is on the official bond of an executor or administrator and neither the principal nor any of his sureties lives in the county where the letters of administration were taken out, the plaintiff may sue in his own county. McIntosh N. C. Practice & Procedure, p. 270. This was expressly held in *Clark v. Peebles, supra,* and in *Thomasson v. Patterson, supra.* In the latter case, *Barnhill, J.,* speaking for the Court, said: "We therefore hold that the provision of C.S. 465 (now G.S. 1-78), that an action upon an official bond shall be instituted in the county where the bond is filed, if the principal or any one of the sureties on said bond resides in said county, is controlling. Actions against executors and administrators in their official capacity, when not upon an official bond filed in some other county, must be instituted in the county where the executor or administrator qualified."

To hold that the statute is not applicable when an executor or administrator is sued in his official capacity, unless a bond is filed and the principal or one of his sureties lives in the county, is contrary to sound reasoning. Executors are not requried to file a bond before obtaining letters testamentary except in certain instances fixed by statute. And a banking institution that is authorized to qualify as an executor or administrator is not required to file any bond before obtaining letters of administration as an executor or administrator. G.S. 53-159. Furthermore, the mere fact that G.S. 1-79 fixes the residence of a domestic corporation for the purpose of suing and being sued at its principal place of business, does not in any way limit the authority of the defendant Branch Banking & Trust Company from qualifying as an executor or administrator in a county other than that in which its principal office is located.

The appellees strongly contend that since Horace Finch, a resident of Wilson County, is a defendant in this action the corporate administrator is not entitled to a removal of the case to Wayne County. In support of their contention they rely upon what was said by way of *dicta* in *Smith v. Patterson, supra.* That action was instituted in Mecklenburg County by the administrator of the estate of Joshua Gosnell, a resident of Henderson County. Gosnell, while an employee of the Southern Railway Company, was killed in Polk County, according to the complaint, as a result of the negligence of the Railway Company and its engineer, the defendant Patterson, a resident of Polk County. Smith qualified as administrator of Gosnell's estate in Henderson County. A motion for change of venue to Henderson County was made and denied. The defendant Railway Company relied on the proviso contained in Revisal

424 (now a separate statute, G.S. 1-81). The proviso in the statute was in the following language: "In all actions against railroads the action shall be tried either in the county where the cause of action arose, or in some county where the plaintiff resided at the time the cause of action arose, or in some county adjoining the county in which the cause of action arose, subject, however, to the power of the Court to change the place of trial in the cases provided by statute." The Court said: "Authoritative interpretations of this and legislation of similar import elsewhere would seem to favor the position that in respect to actions instituted by an administrator and coming within the effect of the proviso, the terms appearing therein, 'where plaintiff resided at the time the cause of action arose,' have reference to the residence of the individual holding the office and not to the official residence or place where he may have qualified." Therefore, Mecklenburg County being the residence of the plaintiff, administrator, at the time the action arose, the motion was denied. What was said about the additional defendant was not necessary to a decision in the case, and we do not consider it as controlling here.

It should be kept in mind that the statute under consideration on this appeal has no application to suits instituted by executors or administrators, but only as to suits instituted against them. *Whitford v. Insurance Co.,* 156 N.C. 42, 72 S.E. 85; *Hannon v. Power Co.,* 173 N.C. 520, 92 S.E. 353; *Lawson v. Langley,* 211 N.C. 526, 191 S.E. 229, 111 A.L.R. 163.

We think the motion for change of venue should have been allowed.

The fact, however, that the appellant is entitled to have this case moved to Wayne County, as a matter of right, does not preclude the court from changing the venue from Wayne County to another county, in the exercise of a sound discretion, for the convenience of witnesses and the promotion of the ends of justice, upon motion properly made under G.S. 1-83. *Pushman v. Dameron,* 208 N.C. 336, 180 S.E. 578. The time for such a motion has not arrived, and the order denying a change of venue in the court below is

Reversed.