JOE EVANS, JR., v. CREED C. MORROW AND CREED C. MORROW, ADMINISTRATOR.

(Filed 2 May, 1951.)

**1. Venue § 1b—**

   The statutory requirement that an action against an administrator in his official capacity must be instituted in the county in which the administrator qualified, G.S. 1-78, does not preclude an administrator from being joined as an additional defendant in an action pending in a county other than the one of his qualification upon a finding that the administrator is a necessary party to the action. G.S. 1-78 provides that such actions "must be instituted" in the county of qualification, whereas G.S. 1-76, dealing with venue, uses the phrase "must be tried."

**2. Venue § 3—**

   Venue is not jurisdictional.

APPEAL by defendant individually and as administrator from *Patton, Special Judge,* October Special Term, 1950, of MECKLENBURG.

Civil action to recover damages arising from alleged negligent tractor-trailer-automobile collision.

Plaintiff, a resident of Mecklenburg County, instituted suit 9 March, 1950, against Creed C. Morrow, a resident of Rowan County, alleging that the defendant was the owner of a 1948 Studebaker Sedan which he maintained for the use and convenience of himself and other members of his family, including his son, Creed C. Morrow, Jr.; that on 11 February, 1950, the defendant's son, Creed C. Morrow, Jr., was driving, operating and using the defendant's Studebaker Sedan with his consent, permission and knowledge, as his agent and in furtherance of his business; that on said date plaintiff's G.M.C. tractor-trailer, loaded with merchandise, was being driven on Highway No. 521 near Lancaster, S. C.; that the two vehicles collided as a result of the negligence of Creed C. Morrow, Jr., driver of defendant's automobile, causing damage to plaintiff's tractor and trailer and the cargo of merchandise.

The defendant filed answer, denied that he was the owner of the Studebaker Sedan or that he maintained it as a family car, as alleged, also

denied that Creed C. Morrow, Jr., was his agent or about his business on the occasion in question.

The defendant, on being examined adversely by the plaintiff, revealed that the Studebaker Sedan was purchased by his son, Creed C. Morrow, Jr., and that he signed the title-retained contract because his son was a minor at the time. It is alleged by the plaintiff, however, that the title of the car is in the name of the defendant, the license plates also being issued in his name, thus raising a question as to the ownership of the automobile at the time of the collision. Creed C. Morrow, Jr., was killed in the accident and the defendant has qualified as his administrator in Rowan County; wherefore, plaintiff asked that the defendant as administrator of his son's estate be made a party defendant in this action so that the whole controversy may be determined in a single action.

The court found as a fact that the administrator of Creed C. Morrow, Jr., was a necessary party and ordered that he be brought in by summons, etc., and allowed time to answer.

The defendant, Creed C. Morrow, individually, and as administrator of his son's estate, appearing specially in the latter capacity, excepts and appeals, assigning error.

*Smathers & Carpenter for plaintiff, appellee.*
*Frank H. Kennedy and P. D. Kennedy, Jr., for defendant, appellant.*

STACY, C. J. The appellant says that as actions against administrators in their official capacity, or upon their official bonds, may be instituted only in the county of their qualification, G.S. 1-78, the court was without authority to order Creed C. Morrow as administrator of his son's estate be made a party in this suit pending in Mecklenburg County, the county of his qualification as administrator being Rowan, citing as authority for the position the above statute and *Stanley v. Mason, Admr.,* 69 N.C. 1.

The point raised is controlled by what was said in *Latham v. Latham,* 178 N.C. 12, 100 S.E. 131. The statute applies to original actions "instituted," *i.e.,* originally commenced against personal representatives, and not to actions already pending in which it may be proper or necessary to make them parties. In the cited case, an executrix qualified in Craven County, was made a party defendant to an action pending in Beaufort County. The executrix appeared and asked for a removal of the action to Craven County as a matter of right. The motion was denied, and on appeal the ruling was affirmed, the Court pointing out that nothing is said in the statute about the place of trial, only that such original actions "must be instituted" in the county of qualification, whereas in G.S. 1-76, dealing with venue, the language is "must be tried," etc., the difference in phraseology being regarded as significant.

The question is not jurisdictional, but one of venue. *Wiggins v. Finch,* 232 N.C. 391, 61 S.E. 2d 72, and cases there cited.

Affirmed.