HOVSEP PUSHMAN v. E. P. DAMERON, ADMINISTRATOR OF BARRUR H.
SERUNIAN, DECEASED.

(Filed 26 June, 1935.)

**Venue C a—Trial court has discretionary power to grant motion for
change of venue in action instituted against personal representative.**

While an action against an executor or administrator must be instituted
in the county in which defendant gave bond, C. S., 465, the statute does
not preclude the court from changing the venue to another county, in his
discretion, for the convenience of witnesses and the promotion of the ends
of justice, upon motion properly made under C. S., 470 (2), and since
plaintiff is bound to institute the action in the county in which defendant
gave bond, his act in so doing cannot be imputed to him as a voluntary
choice of venue, so as to prevent the lodging of a motion under C. S.,
470 (2).

CIVIL ACTION, before *McElroy, J.,* at February Term, 1935, of GUIL-
FORD.

The plaintiff instituted this action against the defendant to recover
damages for personal injuries resulting from the reckless driving of an
automobile by defendant's intestate. The action was instituted in
Guilford County. The accident occurred near Fletcher, in Henderson
County, and defendant's intestate was killed. After the action had
been filed and the cause at issue, the plaintiff made a motion "to trans-
fer and remove the above-entitled cause from the Superior Court of
Guilford County to the Superior Court of Buncombe County for trial,
for that: '(1) Convenience of witnesses will thereby be greatly pro-
moted, and (2) the ends of justice will thereby best be served.'" After
hearing affidavits and argument of counsel, the trial judge found "as a
fact that the convenience of witnesses and the ends of justice would be
promoted by a removal of this cause to Buncombe County for trial."

Notwithstanding, his Honor was of the opinion that "under the pro-
vision of the statute of the State of North Carolina it is mandatory that
this cause be retained for trial in Guilford County, and that, therefore,
the court is without power to grant the plaintiff's motion for re-
moval," etc.

From judgment retaining the cause in Guilford County the plaintiff
appealed.

*Adams & Adams for plaintiff.*
*Smith, Wharton & Hudgins for defendant.*

BROGDEN, J. When an action has been instituted against a personal
representative of decedent, in the proper county, to recover damages for

personal injuries due to the negligence of such decedent, has the trial judge, upon proper motion made in apt time, the power to remove the cause for trial to another county?

It does not appear from the record that the administrator of deceased ever gave bond in Guilford County, where the action was begun. But this seems to be admitted in the briefs, and the question of law involved will be discussed upon the assumption that the defendant duly qualified and gave bond in Guilford County.

The solution of the legal proposition depends upon the construction to be given C. S., 465. This statute provides that all actions "against executors and administrators in their official capacity must be instituted in the county where the bonds were given," etc. C. S., 470, provides that "the court may change the place of trial in the following cases: 'Subsection 2. When the convenience of witnesses and the ends of justice would be promoted by the change.'" Obviously, the excerpt from C. S., 470, would warrant the court in changing the place of trial for either party, if it should be found that the convenience of witnesses and the ends of justice will be promoted by such change. The defendant, however, insists that the wording of C. S., 465, requiring that actions against administrators "must be instituted in the county," etc., is mandatory. Consequently, a judge would have no power to change the place of trial for any purpose. Furthermore, it is contended that a contrary holding would make it possible that an administrator or executor could be harried about the State from one county to another for purposes of trial.

This Court is not disposed to adopt that view of the law. It was held in *Latham v. Latham,* 178 N. C., 12, 100 S. E., 131, that the words of C. S., 465, "must be instituted in the county" did not necessarily mean that the cause should be actually tried in such county. While such distinction may not have been absolutely pertinent to the decision of the *Latham case, supra,* nevertheless such distinction appears to be sound.

The plaintiff was compelled to institute his action in the Superior Court of Guilford County by reason of the mandate of the statute, and his act in so doing could not therefore be imputed to him as a voluntary choice of venue so as to prevent him from lodging a motion for removal.

The Court is of the opinion, and so holds that the trial judge in the exercise of a sound discretion, had the power, upon finding the necessary facts, to remove the cause to another county for trial.

Reversed.