MOODY v. WARREN-ROBBINS, INC.

---

## WARREN E. MOODY T/D/B/A ELVERSON MOTORS v. WARREN-ROBBINS, INC. AND B & L MOTORS, INC.

(Filed 4 November, 1959.)

**1. Venue § 4b—**
The court has the discretionary power to remove a cause to another county for the convenience of witnesses, and action of the court in doing so in this case after a mistrial for inability of the jury to reach a verdict is affirmed, the order being based on the evidence taken at the trial, and there being nothing in the record to show that the opposing parties were denied an opportunity to present evidence in opposition to the motion or that they requested a continuance of the hearing of the motion for an opportunity to present evidence.

HIGGINS, J., not sitting.

APPEAL by defendants from *Gwyn, J.,* June 1959 Term, of WILKES.
Plaintiff is a resident of Guilford. Defendants are North Carolina corporations having their principal place of business in Wilkes. The complaint alleges plaintiff is the owner of a Cadillac automobile which, with the documents necessary to transfer title, was stolen and sold to defendant Warren-Robbins, Inc., who in turn mortgaged it to defendant B & L Motors, Inc. Plaintiff prays that he be adjudged the owner and entitled to possession of the motor vehicle.
Defendants, by answer, admitted a purchase from the alleged thief,

who, they assert, was the agent of plaintiff with authority to sell.

The cause was submitted to a jury at the June Term of Wilkes on issues raised by the pleadings. The jury was unable to agree on a verdict, and on Saturday, the last day of the term, a juror was withdrawn and a mistrial ordered. Plaintiff then made an oral motion to remove the cause to Guilford County for the convenience of witnesses.

The court, reciting: "This cause being heard and it appearing to the court upon motion of the plaintiffs made in open court following an extensive trial of this cause that it would be to the convenience of witnesses that the cause be removed to Guilford County for trial, and also that it would promote the ends of justice," ordered the removal.

After the order was signed, plaintiff was permitted to reduce his motion for removal to writing and to file an affidavit signed by plaintiff in support of the motion.

Defendants excepted to the order removing the cause to Guilford and appealed.

*E. James Moore and Cecil Lee Porter for plaintiff, appellee.*

*Ralph Davis for appellant Warren-Robbins, Inc. and McElwee & Ferree for appellant B & L Motors, Inc.*

PER CURIAM. The cause was properly instituted in Wilkes County. G.S. 1-76. This did not, however, prevent plaintiff from seeking a removal for the convenience of witnesses. *Pushman v. Dameron,* 208 N.C. 336, 180 S.E. 578. Whether the motion to remove should be granted was a matter in the discretion of the court.

The record presented to us does not show defendants, as here argued, were denied an opportunity to present evidence in opposition to the motion. It does not show a request to continue the hearing with opportunity to present evidence. The order was based on the evidence taken at the trial.

Affirmed.

HIGGINS, J., not sitting.