BETTY M. STANLEY AND JAMES RALPH McNEILL AS ADMINISTRATORS OF THE ESTATE OF BEATRICE M. McNEILL, DECEASED v. GLENN MILLER AND VERONA WITHERSPOON, EXECUTORS OF THE ESTATE OF BESSIE M. MILLER, DECEASED, AND THE NORTHWESTERN BANK

No. 7810SC596

(Filed 3 July 1979)

**Venue § 3— action against executors**

An action against defendant executors to determine rights in the balance on deposit in a joint savings account opened by testatrix and another involved the settlement of the accounts of defendant executors and was brought against defendants in their official capacity, G.S. 41-2.1(b)(4), and the action was therefore properly removed to the county where defendants' letters testamentary were issued.

APPEAL by plaintiffs from *McLelland, Judge.* Order entered 20 April 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 27 March 1979.

In 1968 Bessie M. Miller and Beatrice M. McNeill opened a joint savings account in Northwestern Bank at Jefferson, N.C., payable to either or the survivor pursuant to G.S. 41-2.1. Bessie M. Miller died in Ashe County on 23 November 1975 leaving a will which has been admitted to probate in Ashe County. Defendants Glenn Miller and Verona Witherspoon are Executors under that will and are administering the estate in Ashe County. Beatrice M. McNeill died a resident of Wake County on 16 May 1976 without a will. Plaintiffs are administrators of her estate, which is being administered in Wake County.

Plaintiffs brought this action on 26 January 1978 in the Superior Court of Wake County to obtain a declaratory judgment determining the rights of the parties in the balance on deposit in the joint savings account. In apt time defendants moved to remove the action to Ashe County on the ground that under G.S. 1-78 the proper venue of the action is Ashe County. From order allowing the motion, plaintiffs appeal.

*Johnson, Gamble & Shearon by David R. Shearon for plaintiff appellants.*

*Vannoy & Reeves by Wade E. Vannoy, Jr., for defendant appellees.*

Stanley v. Miller

PARKER, Judge.

This action was properly removed to Ashe County. G.S. 1-78 provides that all actions against executors and administrators in their official capacity, unless otherwise provided by statute, must be instituted in the county where the letters testamentary or letters of administration are issued. *Wiggins v. Trust Co.*, 232 N.C. 391, 61 S.E. 2d 72 (1950). Thus, the only question presented by this appeal is whether this action was brought against defendant executors in their official capacity. We hold that it was and that therefore G.S. 1-78 controls.

At the outset we recognize that "the fact that an executor or administrator is sued, and the defendant is named as such executor or administrator in the summons, caption and complaint, does not entitle such defendant to an order of removal if the complaint discloses the alleged cause of. action is not against such executor or administrator *in his official capacity.*" *Davis v. Singleton*, 256 N.C. 596, 599, 124 S.E. 2d 563, 566 (1962). Here, however, the complaint discloses that the alleged cause of action *is* against the defendant executors in their official capacity.

> The action is against the representative in his official capacity if it: (a) asserts a claim against the estate; (b) involves the settlement of his accounts; or (c) involves the distribution of the estate.

1 McIntosh, N.C. Prac. and Proc., 2nd ed., § 804, p. 423.

The present case does necessarily involve the settlement of the accounts of the defendant executors. Upon the death of their testatrix, Bessie M. Miller, the balance in the joint survivorship savings account became the sole property of Beatrice M. McNeill as the surviving joint tenant, but subject to certain claims in connection with the estate of Bessie M. Miller against a portion of the unwithdrawn deposit as provided in G.S. 41-2.1(b)(3). Any part of the unwithdrawn deposit not used for the payment of such claims "shall, *upon the settlement of the estate,* be paid to the surviving joint tenant or tenants." (Emphasis added.) G.S. 41-2.1(b)(4). It is apparent, therefore, that the ultimate determination of the rights of the respective parties in the joint savings account must necessarily depend upon the proper settlement of

the accounts of the defendant executors. Plaintiffs clearly recognized this in their complaint when they alleged:

> 10. That the plaintiffs are informed and believe and so allege that the executors' commissions and other expenses and commissions paid or claimed owing by the defendant executors are not allowable and erroneous and therefore should not be a part of nor be paid by the estate of Bessie M. Miller, deceased, and that if said commissions and other unallowable expenses are disallowed from the Estate of Bessie M. Miller, the funds claimed owing by said Estate from the savings account in the joint name and with Beatrice M. McNeill will not be needed to pay estate expenditures and will rightfully be the property of the plaintiffs.

Since this action was against the defendant executors in their representative capacity, G.S. 1-78 applies to make Ashe County the proper county in which this action should have been instituted. That statute applies only to actions *against* representatives, not to actions by them, *Whitford v. Insurance Co.*, 156 N.C. 42, 72 S.E. 85 (1911), and thus the fact that plaintiffs in this case are suing in their representative capacity is not controlling.

The order appealed from is

Affirmed.

Judges ERWIN and MARTIN (Harry C.) concur.