REBECCA DIMMETTE DesMARAIS, EXECUTRIX AND TRUSTEE OF THE ESTATE OF NANNIE H. DIMMETTE AND EXECUTRIX OF THE ESTATE OF L. E. DIMMETTE AND DULCIE DIMMETTE BARLOW, EXECUTRIX AND TRUSTEE OF THE ESTATE OF NANNIE H. DIMMETTE AND EXECUTRIX OF THE ESTATE OF L. E. DIMMETTE, PLAINTIFFS v. JOEL H. DIMMETTE, INDIVIDUALLY AND AS EXECUTOR AND TRUSTEE OF THE ESTATE OF NANNIE H. DIMMETTE AND AS EXECUTOR OF THE ESTATE OF L. E. DIMMETTE, GREEN MOUNTAIN DEVELOPMENT CORPORATION, FIDELITY INSURANCE AGENCY, INC., AND DIMMETTE REALTY CORPORATION, DEFENDANTS v. NANE DIMMETTE SPAINHOUR AND LAUDIE DIMMETTE PORTER, THIRD-PARTY DEFENDANTS

No. 8326SC666

(Filed 21 August 1984)

1. Appeal and Error § 6.3— change of venue denied—order appealable

An order denying change of venue was appealable, since an erroneous order denying a party the right to have the case heard in the proper court would work an injury to the aggrieved party which could not be corrected if no appeal were allowed before the final judgment.

2. Executors and Administrators § 39— proper venue in actions against executor—place of executor's appointment

Where plaintiffs sought an accounting by defendant as executor of two estates in which he had qualified in Caldwell County, and plaintiffs also sought to have defendant removed as executor of both estates, the trial court erred in

denying defendant's motion for change of venue to Caldwell County, since G.S. 1-78 provides that an action against an executor in his official capacity must be instituted in the county in which he qualified.

APPEAL by defendants from *Griffin, Judge.* Order entered 31 March 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 April 1984.

The defendants appeal from an order denying a change of venue. The plaintiffs alleged seven causes of action composed of ten claims against the defendants. The claims allegedly arose from Joel H. Dimmette's actions as an officer in two corporations and as executor of two estates. The plaintiffs prayed for money judgments and various decrees involving the corporations. They also prayed that Joel H. Dimmette be required to account for his actions as executor of the two estates and that he be removed as executor of the two estates. Defendant Joel Dimmette had been appointed executor of the two estates in Caldwell County.

The plaintiffs filed a motion for a preliminary injunction and defendant Dimmette entered into a consent order in which he agreed to maintain the status quo of the two corporations for a period of 60 days. This order was later extended by consent to the time of trial. Prior to filing an answer, the defendants made a motion to move the case to Caldwell County. After making the motion for a change of venue, defendant Dimmette filed an answer.

The motion for a change of venue was denied. Defendant Dimmette appealed.

*Helms, Mulliss and Johnston, by Norvin K. Dickerson, III, for plaintiff appellees.*

*West, Bingham, Delk and Swanson, by Ted G. West, David A. Swanson, and Joseph C. Delk, III, for defendant appellants.*

WEBB, Judge.

[1] The order denying the motion for change of venue does not dispose of the case. It is an interlocutory order and the first question we face is whether the appeal should be dismissed as premature. *See Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979). Under G.S. 1-277, an interlocutory order which will work injury if not corrected before final judgment is ap-

pealable. *See Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E. 2d 772 (1967). We hold that an erroneous order denying a party the right to have the case heard in the proper court would work an injury to the aggrieved party which could not be corrected if no appeal was allowed before the final judgment. The order in this case denying a change in venue is appealable. *Coats v. Hospital*, 264 N.C. 332, 141 S.E. 2d 490 (1965) and *Klass v. Hayes*, 29 N.C. App. 658, 225 S.E. 2d 612 (1976).

G.S. 1-78 provides:

"All actions against executors and administrators in their official capacity, except where otherwise provided by statute, and all actions upon official bonds must be instituted in the county where the bonds were given, if the principal or any surety on the bond is in the county; if not, then in the plaintiff's county."

[2] Under this section of the statute, if an action is against an executor in his official capacity, it must be instituted in the county in which he qualified. *See Stanley v. Miller*, 42 N.C. App. 232, 256 S.E. 2d 308 (1979). A part of the relief sought in this case was an accounting by the defendant as executor in two estates in which he had qualified in Caldwell County. The plaintiffs also sought to have the defendant removed as executor of both estates. The action is against the defendant in his official capacity in both estates and it was error not to allow his motion that it be transferred to Caldwell County.

The plaintiffs argue that there has been no abuse of discretion and the court was not required under G.S. 1-83 to remove the matter to Caldwell County. The court in this case had no discretion. G.S. 1-78 says the case "must be instituted" in Caldwell County and the court was required to remove the case to that county. The plaintiffs rely on *Pushman v. Dameron*, 208 N.C. 336, 180 S.E. 578 (1935), which holds that an action against an executor may be moved to another county after it has been filed in the county in which he was qualified. We do not believe *Dameron* is precedent for this case. In this case the action was not filed in the county in which the statute requires it to be filed.

The plaintiffs argue that the defendant waived his right to a change of venue by consenting to a preliminary injunction. G.S.

1A-1, Rule 12(b), (g) and (h) provide that a defense of improper venue is waived if it is not made before or as part of a responsive pleading. In this case, the motion for a change of venue was made before the answer was filed. The defendant did not waive this defense.

Reversed and remanded.

Judges HILL and WHICHARD concur.