MID-SOUTH CONSTRUCTION COMPANY v. JAMES K. WILSON, D/B/A WILSON'S NURSERY AND GARDEN CENTER

No. 8411DC85

(Filed 20 November 1984)

1. **Venue § 1— contractor's action against subcontractor — contractor's assent to jurisdiction in performance bonds — not exclusive**

   Performance bonds entered into by plaintiff, the general contractor on a construction project for the Housing Authority of the City of Charlotte, provided that plaintiff assented to being sued in Mecklenburg County on its contract with the Housing Authority and for any claims of subcontractors, laborers, or materialmen, but did not provide that Mecklenburg was the only county in which an action by plaintiff for breach of contract against a subcontractor could be brought.

2. **Venue § 1— counterclaim arising from construction contract — proper venue**

   Where a general contractor has brought a claim against defendant subcontractor in Harnett County on a construction project in Mecklenburg County, G.S. 1A-1, Rule 13(a), which requires defendant to assert its claim against plaintiff as a counterclaim, and G.S. 44A-28, which requires defendant to bring its claim against plaintiff in Mecklenburg County, do not mean that plaintiff's action must be brought in Mecklenburg County. Defendant will not be prejudiced if the counterclaim is tried before the action in Mecklenburg County; a judgment on the counterclaim in Harnett County would be *res judicata* as to the action in Mecklenburg County.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 22 August 1983 in Superior Court, HARNETT County. Heard in the Court of Appeals 23 October 1984.

The defendant appeals from an order denying a motion for change of venue. This action grows out of a construction project for the Housing Authority of the City of Charlotte for which the plaintiff was the general contractor. The plaintiff, whose principal office is in Dunn, North Carolina, brought this action in the District Court of Harnett County for breach of contract against the defendant, a subcontractor on the Charlotte project. The defendant filed an answer and a counterclaim.

The defendant also filed an action in Mecklenburg County pursuant to Art. 3 of Ch. 44A of the General Statutes against the plaintiff alleging the same matters as were alleged in the counterclaim filed in Harnett County. The Housing Authority and Seaboard Surety Company, the surety on the plaintiff's bond filed in connection with the construction project, are defendants in the Mecklenburg County action. The bond provided among other things:

> The undersigned Principal and Surety do further hereby consent and yield to the jurisdiction of the Superior Court of Mecklenburg County, North Carolina, and shall assure all undertakings under said agreement or contract, and shall assure and protect all laborers and furnishers of materials on said work, both as required by applicable law.

The plaintiff and Seaboard filed a bond to discharge the lien in Mecklenburg County which provided:

> The undersigned Principal and Surety do further hereby consent and yield to the jurisdiction of the General Court of Justice, Mecklenburg County, North Carolina with respect to any claim on this bond or the Original Bond.

The defendant made a motion in the Superior Court of Harnett County to move the action from District Court to Superior Court. He also made a motion for a change of venue to Mecklenburg County. The record does not show that the Superior Court made a ruling on the motion to move the case to Superior Court. The Court denied the defendant's motion for change of venue to Mecklenburg County. The defendant appealed.

*Johnson and Johnson, P.A. by W. A. Johnson and Sandra L. Johnson for plaintiff appellee.*

*W. Faison Barnes and Richard H. Tomberlin for defendant appellant.*

WEBB, Judge.

We held in *DesMarais v. Dimmette,* 70 N.C. App. 134, 318 S.E. 2d 887 (1984) that the denial of a motion for change of venue as a matter of right is immediately appealable. The order denying a change of venue in this case is appealable.

Although the record does not show that an order was signed transferring the case from District Court to Superior Court, we hold that by ruling on the motion for change of venue the Superior Court assumed jurisdiction. This transferred the case from District Court to Superior Court. Neither party has assigned error to the Court's failure to rule on this motion to remove to the Superior Court and we take this as assent by both parties to the transfer.

[1]  The defendant first argues that pursuant to the terms of the performance bond and the bond to discharge the lien the plaintiff consented to the jurisdiction of the Superior Court of Mecklenburg County and waived its right to bring the action for breach of contract against the defendant in Harnett County. We do not so read either bond. As we read the bonds the plaintiff assented to being sued in Mecklenburg County on its contract with the Housing Authority and for any claims of subcontractors, laborers, or materialmen. This does not affect an action by the plaintiff for breach of contract by a subcontractor. Assuming that the plaintiff consented to its breach of contract action being brought in Mecklenburg County it did not by the terms of the bond make Mecklenburg the only county in which its action could be brought. The bonds do not say the plaintiff consented to the exclusive jurisdiction of the courts of Mecklenburg County.

[2]  The defendant argues further that he is required by G.S. 44A-28 to bring his claim against the plaintiff in Mecklenburg County and that he must under G.S. 1A-1, Rule 13(a) assert it as a counterclaim in the plaintiff's action. He says that for this reason the plaintiff's action must be brought in Mecklenburg County. We

do not believe that the requirement that the defendant assert his claim as a counterclaim in the action brought by the plaintiff deprives the plaintiff of its right to assert its claim in Harnett County. The defendant will not be prejudiced if the counterclaim is tried before his action in Mecklenburg County. If he gets a judgment in Harnett County on the counterclaim it will be res judicata as to the action in Mecklenburg County.

The defendant argues finally that the Court abused its discretion by denying the motion for change of venue. He bases this contention principally on the first two arguments he advanced. We hold that the Court did not abuse its discretion in denying the motion.

Affirmed.

Judges HEDRICK and HILL concur.