DAVID M. BISHOP, TRUSTEE OF THE GEORGE S. GOODYEAR MARITAL TRUST AND
THE GEORGE S. GOODYEAR FAMILY TRUST, PLAINTIFF-APPELLANT v. GEORGE F.
LATTIMORE, JR., ELIZABETH DARNELL, EXECUTRIX OF THE ESTATE OF
WILLIAM J. DARNELL, WILLIAM I. DARNELL, AND PARK HOUSE REALTY,
INC., A NORTH CAROLINA CORPORATION, DEFENDANT-APPELLEES

No. COA99-11

(Filed 4 April 2000)

**1. Appeal and Error— appealability—interlocutory order—no substantial right**

Plaintiff's appeal from the trial court's denial of his motion for partial summary judgment on his claim for breach of the settlement agreement is dismissed since it is an interlocutory order that has not been certified by the trial court and plaintiff has not shown he will be deprived of a substantial right.

**2. Venue— motion for change—action incidental to real property**

The trial court did not err in granting defendant's motion for change of venue, even though plaintiff contends N.C.G.S. § 1-76 provides that the action must be tried where the pertinent property is located, because: (1) title to realty must be directly affected by the judgment in order to render the action local; (2) plaintiff's argument focusing on breach of the settlement agreement is incidental to the pertinent real property, rather than direct; and (3) specific performance of the settlement agreement is an in personam action, meaning it is transitory rather than local.

Appeal by plaintiff from judgment entered 21 September 1998 by Judge John M. Gardner in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 September 1999.

*The Bishop Law Firm, P.A., by J. Daniel Bishop, for plaintiff-appellant David M. Bishop.*

*Farris & Farris, P.A., by Thomas J. Farris, for defendant-appellee George F. Lattimore, Jr.*

*Boxley, Bolton & Garber, L.L.P., by Ronald H. Garber, for defendant-appellees Elizabeth Darnell, Executrix of the Estate of William J. Darnell, and William I. Darnell.*

BISHOP v. LATTIMORE

[137 N.C. App. 339 (2000)]

McGEE, Judge.

George Goodyear (Goodyear) and William J. Darnell (Darnell), both now deceased, along with George Lattimore, Jr. (Lattimore), entered into a partnership on 31 December 1962. This partnership, known as Interstate Investors, was for the purpose of leasing or purchasing real estate for the construction of residential rental property. In accordance with the partnership agreement, the parties leased a 3.45 acre tract of land and erected the Hamilton House Apartments in Charlotte, North Carolina. Each of the parties owned as general partners a one-third interest in the apartments.

The parties agreed in 1967 to refinance the indebtedness of the partnership and formed a corporation known as Park House Realty, Inc. (Park House). The parties executed bills of sale and other instruments transferring the property and assets of the partnership to the corporation. In return, each party received one-third of the stock issued. The parties became the sole shareholders, directors, and officers of the corporation. They also entered into a written agreement which provided that the Hamilton House Apartments were not to be encumbered, mortgaged, sold, or conveyed without the written consent of all three individuals. Additionally, all future disbursements and management of the property, except for items in the normal course of operation, were to be managed by Lattimore, Goodyear and Darnell.

Lattimore filed a complaint in Wake County Superior Court in December 1996 alleging direct and derivative claims purportedly due to the misconduct of the other two shareholders. Executor of Goodyear's estate, B.W. Miller (Miller), filed an answer to the complaint on behalf of David Bishop (Bishop), as Trustee of the Goodyear Trusts. Miller filed a motion for change of venue from Wake County to Mecklenburg County. Bishop filed a motion to intervene and joined in Miller's answer and motion for change of venue. The trial court granted Bishop's motion to intervene, but thereafter denied the motion for change of venue. Our Court affirmed the trial court's decision in an unpublished opinion on 16 February 1999 in *Lattimore v. Miller* (No. COA 98-717). Our Supreme Court denied a petition for discretionary review on 22 July 1999.

In the Wake County suit, Lattimore, Elizabeth Darnell, William I. Darnell (president of Park House), Bishop and Park House were ordered by the trial court to appear in Wake County for a mediated settlement conference on 12 August 1997. At the conference, the par-

ties and their attorneys reached an agreement and signed a "Memorandum of Settlement" (settlement agreement). The terms set forth in the settlement agreement included the following:

1. Park House Realty, Inc. ("Park House") will redeem all of the stock of George F. Lattimore, Jr. ("Lattimore") in Park House, upon the following terms:

    (a) $50,000.00 payable to Lattimore at closing; provided that Lattimore shall have the option to defer receipt of some part or all of said amount until January 1, 1998; and

    (b) $5,000.00 per month principal and interest for a period of 20 years, beginning November 1, 1997, evidenced by the promissory note of Park House in favor of Lattimore or holder[.]

    (c) The foregoing obligations of Park House will be secured by a collateral assignment of Park House's interests as tenant under ground lease for Hamilton House apartments, and a collateral assignment of the rents from Hamilton House apartments.

2. Closing hereunder, including execution of all settlement documents, will take place on or before September 30, 1997 (the "Closing Date").

. . .

4. All claims, cross-claims and counterclaims in the Suit will be dismissed with prejudice.

5. All parties to the Suit will execute a mutual general release of all claims. Without limiting the foregoing, it is expressly agreed that Lattimore will release any and all claims, whether or not presently encompassed in the Suit, against the Estate of George S. Goodyear and its Executor, the George S. Goodyear Family Trust and its Trustee, the George S. Goodyear Marital Trust and its Trustee, the Estate of William J. Darnell and its Executor; Mrs. Elizabeth Darnell in her individual capacity; Mrs. Dorris Goodyear in her individual capacity; William I. Darnell, Park House and its officers and directors.

. . .

7. The parties acknowledge that all of their agreements reached in mediation, and every part of every agreement so reached, are set out in this memorandum.

Bishop filed the complaint in this action in Mecklenburg County on 10 March 1998. In an amended complaint against Lattimore, Elizabeth Darnell, William I. Darnell, and Park House, Bishop specifically sought: (1) enforcement of the settlement agreement; (2) to restrain the corporate defendant Park House from paying dividends pending consummation of the settlement agreement; (3) enforcement of a supplemental agreement between Bishop and William I. Darnell; (4) a declaratory judgment to declare the 1968 agreement void; and (5) a preliminary injunction prohibiting a declaration of any dividend or any redemption of William I. Darnell's claimed shares, or other distribution by Park House, except for redemption required by the settlement agreement.

Lattimore moved to dismiss the complaint in Mecklenburg County or alternatively to stay the proceedings until the prior pending action in Wake County was resolved. Lattimore also alleged the proper venue for the trial of the action was Wake County and moved that the case be transferred from Mecklenburg County to Wake County. Bishop filed a motion for partial summary judgment on 10 August 1998 on his claim for breach of the settlement agreement. The trial court denied Bishop's partial summary judgment motion and granted Lattimore's motion for change of venue in an order filed 21 September 1998. Bishop appeals the order of the Mecklenburg County trial court.

I.

**[1]** "In general, only final orders and judgments may be appealed." *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 4, 362 S.E.2d 812, 814 (1987). In *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (citations omitted), *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950), our Supreme Court compared final judgments and interlocutory orders:

A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. . . . An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

**BISHOP v. LATTIMORE**

[137 N.C. App. 339 (2000)]

Although generally no right of appeal lies from an interlocutory order, there are two avenues by which a party may immediately appeal an interlocutory order or judgment. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies there is no just reason to delay the appeal pursuant to North Carolina Rule of Civil Procedure 54(b), an immediate appeal may lie. N.C. Gen. Stat. § 1A-1, Rule 54(b) (1990); *Jeffreys*, 115 N.C. App. at 379, 444 S.E.2d at 253. Second, an appeal is allowed under N.C. Gen. Stat. §§ 1-277(a) (1996) and 7A-27(d)(1) (1995) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review. *Id.* Our Court has held that the *denial* of a motion for partial summary judgment is not appealable as long as a substantial right is not affected. *Travco Hotels v. Piedmont Natural Gas Co.*, 102 N.C. App. 659, 661, 403 S.E.2d 593, 594 (1991) (emphasis added), *aff'd and remanded*, 332 N.C. 288, 420 S.E.2d 426 (1992).

Plaintiff contends that the trial court's order denying the motion for partial summary judgment is not interlocutory and is therefore immediately appealable because it deprives him of a "substantial right." In the case before us, the Mecklenburg County trial court's denial of plaintiff's motion for partial summary judgment did not determine all of plaintiff's claims. The record does not show that the trial court certified that there was no just reason for delay under Rule 54(b). Therefore, plaintiff must show that a substantial right will·be lost or prejudiced without review before final judgment is rendered. Plaintiff has not shown that he will be deprived of a substantial right if we decline review and plaintiff proceeds to trial on the enforcement of the settlement agreement. Because plaintiff's claim was not certified by the trial court and because no substantial right will be lost or prejudiced, we dismiss plaintiff's appeal.

II.

[2] Plaintiff argues that the trial court erred in transferring the case to Wake County under N.C. Gen. Stat. § 1-76 (1996), which provides in part:

Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial court in the cases provided by law:

(1) Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

Specifically, plaintiff asserts that "[t]he settlement agreement, if enforced by specific performance, will require an assignment of Park House's land lease on the Hamilton House Apartments as collateral for the payment of the promissory note to Lattimore." Therefore, because plaintiff's action affects title to the Hamilton House Apartments in Mecklenburg County, the case must be tried where the property is located. We disagree.

Initially, we note that an order granting change of venue is an interlocutory order. This Court held that an order denying a motion for change of venue was directly appealable. *McClure Estimating Co. v. H.G. Reynolds Co.*, 136 N.C. App. 176, 178-79, 523 S.E.2d 144, 146 (1999). "We hold that an erroneous order denying a party the right to have the case heard in the proper court would work an injury to the aggrieved party which could not be corrected if no appeal was allowed before the final judgment." *Id.* (quoting *DesMarais v. Dimmette*, 70 N.C. App. 134, 136, 318 S.E.2d 887, 889 (1984)). Therefore, the appeal lies properly before us.

In *Thompson v. Horrell*, 272 N.C. 503, 158 S.E.2d 633 (1968), our Supreme Court addressed the question of whether an action is removable as a matter of right to the county where the land is situated. The Court stated:

The test is this: If judgment to which plaintiff would be entitled upon the allegations of the complaint will affect the title to land, the action is local and must be tried in the county where the land lies unless defendant waives the proper venue; otherwise, the action is transitory and must be tried in the county where one or more of the parties reside at the commencement of the action.

*Id.* at 504-05, 158 S.E.2d at 634-35 (citations omitted). "[A]n action is not necessarily local because it incidentally involves the title to land or a right or interest therein[.]" *Rose's Stores v. Tarrytown Center*, 270 N.C. 201, 206, 154 S.E.2d 320, 323 (1967). Instead, "[t]itle to realty must be *directly* affected by the judgment, in order to render the action local[.]" *Id.* (citations omitted) (emphasis added). Therefore,

"[i]t is the principal object involved in the action which determines the question, and if title is principally involved or if the

judgment or decree operates directly and primarily on the estate or title, and not alone *in personam* against the parties, the action will be held local."

*Id.* (citation omitted).

In the case before us, plaintiff's argument is focused on a breach of the settlement agreement. Any effect that his claim has on real property is simply incidental rather than direct. Moreover, in order to require security of Park House's interest as tenant and rents from Hamilton House as collateral for payment of the promissory note to Lattimore, the trial court would have to require specific performance of the settlement agreement. Specific performance, as an equitable remedy, acts *in personam*. *See Rose's Stores, Inc.*, 270 N.C. at 204, 154 S.E.2d at 322. "To carry out the idea of a decree acting *in personam*, it may be necessary to consider a suit for specific performance as being transitory instead of local[.]" *Id.* Accordingly, we reject plaintiff's contention that his claim affects an interest in land which would require the present action to be removed as a matter of right under N.C.G.S. § 1-76.

Plaintiff's appeal of the trial court's denial of his motion for partial summary judgment is dismissed. The trial court's order granting defendant's motion for change of venue is affirmed.

Judges LEWIS and JOHN concur.