## ANDALORO v. SAWYER

[144 N.C. App. 611 (2001)]

FRANCES V. ANDALORO, Plaintiff v. RHONDA JONES SAWYER, Defendant

No. COA00-735

(Filed 3 July 2001)

**Appeal and Error— appealability—sanctions in arbitration— underlying issues still pending—interlocutory**

An appeal was dismissed as interlocutory where the appeal was solely from a grant of attorney fees imposed as a sanction for failing to participate in arbitration in good faith and for failing to produce an individual with authority to settle the case at the arbitration proceeding. The appeal of the arbitration award is still pending before the trial court and the issues in this appeal are best left until the underlying action has been resolved.

Appeal by defendant from order entered 11 January 2000 by Judge Wayne L. Michael in Iredell County District Court. Heard in the Court of Appeals 21 May 2001.

*Pope, McMillan, Kutteh, Simon & Privette, P.A., by Anthony S. Privette and Ryan D. Bolick, for plaintiff-appellee.*

*Steven J. Colombo, P.A., by Steven J. Colombo, Kenneth M. Gondek and Marc. H. Amin, for defendant-appellant.*

EAGLES, Chief Judge.

Defendant is appealing from a sanctions order that the trial court issued based on defendant's conduct in an arbitration proceeding.

On or about 14 May 1998, plaintiff, Frances Andaloro, was waiting in her automobile at a stoplight. Defendant, Rhonda Sawyer, was directly behind her. When the light turned green, defendant began to move forward without noticing that the plaintiff remained still. Defendant hit plaintiff's car. Plaintiff alleged that the impact injured her. Consequently, she filed suit seeking $3,000 in damages. Defendant admitted that she breached her duty but denied that the plaintiff suffered any injuries.

On 10 August 1999, the trial court notified the parties that they must attend court-ordered non-binding arbitration pursuant to G.S. § 7A-37.1 (1999). Plaintiff's attorney only raised the issue of "damages for injury" on the pre-arbitration submission. The only individuals present at the hearing were counsel and the parties. Following the

hearing, the arbitrator entered an award for the plaintiff for $5,500. Defendant timely appealed this award to the trial court. The record does not indicate that the trial court took any further action on the appeal from the arbitration award.

Subsequent to the award, plaintiff's counsel moved for sanctions against the defendant. Plaintiff alleged that the defendant had failed to participate in the proceedings in good faith violating N.C.R. Arbitration 3(p) and 3(l) as promulgated by the North Carolina Supreme Court. Specifically, plaintiff contended that the defendant had failed to produce someone with authority to settle the claim and that defendant's counsel commented that the defendant had never intended to settle the claim during arbitration.

On 17 November 1999, the trial court held an evidentiary hearing on the motion for sanctions. On 11 January 2000, the court granted attorney's fees to the plaintiff for $1,823.75. The court concluded that the defendant had failed to participate in good faith and failed to produce an individual with authority to settle the case at the arbitration proceeding. Defendant appeals from the grant of sanctions. Because we hold that the defendant's appeal is interlocutory, we dismiss.

Generally, there is no immediate appeal from the entry of an interlocutory order. *Summey v. Barker*, 142 N.C. App. 688, 544 S.E.2d 262 (2001). "The purpose of this rule is to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard." *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578-79 (1999) (citation omitted). However, a party may appeal from an interlocutory order in two instances. First, if the order is final as to some but not all claims or parties and the trial court certifies there is no just reason to delay appeal pursuant to North Carolina Rule of Civil Procedure 54(b), an immediate appeal may lie. *Bishop v. Lattimore*, 137 N.C. App. 339, 343, 530 S.E.2d 554, 558 (2000). Second, an appeal is permissible if the trial court's decision deprives a party of a substantial right that will be lost absent immediate review. *Id.*

In her brief, defendant admits that the appeal is interlocutory. However, defendant contends that she has a substantial right under *Sharpe v. Worland*, 351 N.C. 159, 522 S.E.2d 577 (1999) and *Willis v. Power Co.*, 291 N.C. 19, 229 S.E.2d 191 (1976). We disagree. In *Sharpe*, our Supreme Court defined a substantial right as being, "a legal right affecting or involving a matter of substance as distin-

ANDALORO v. SAWYER

[144 N.C. App. 611 (2001)]

guished from matters of form: a right materially affecting those interests which a [person] is entitled to have preserved and protected by law: a material right." *Sharpe*, 351 N.C. at 162, 522 S.E.2d at 579. However, our Courts have stressed that it is necessary to resolve the substantial right question by considering the particular facts and procedural context of each case. *Id.* at 162-63, 522 S.E.2d at 577. We also note that this Court has determined that we should strictly construe the concept of "substantial right" to uphold the purposes underlying the rule preventing interlocutory appeals. *Buchanan v. Rose*, 59 N.C. App. 351, 352, 296 S.E.2d 508, 509 (1982).

We conclude that *Sharpe* and *Willis* are distinguishable from the present case and therefore they do not bind us here. In *Sharpe*, the Supreme Court held that a hospital had a substantial right to appeal from a discovery order compelling them to produce allegedly privileged documents. *Sharpe*, 351 N.C. at 166, 522 S.E.2d at 581. According to the Court, the hospital's alleged statutory privilege amounted to a substantial right that the hospital could lose by complying with the order. *Id.* The *Sharpe* Court cited the earlier *Willis* decision as a basis for its holding. *Id.* at 163, 522 S.E.2d at 580. In *Willis*, the Supreme Court determined that an interlocutory discovery order was immediately appealable when the trial court accompanied that order with a court order of contempt. *Willis*, 291 N.C. at 30, 229 S.E.2d at 198. The Court wrote:

[W]hen a civil litigant is adjudged to be in contempt for failing to comply with an earlier discovery order, the contempt proceeding is both civil and criminal in nature and the order is immediately appealable for the purpose of testing the validity both of the original discovery order and the contempt order itself where, as here, the contemnor can purge himself of the adjudication of contempt only by, in effect, complying with the discovery order of which he essentially complains.

*Id.*

First, we note that the present case does not deal with an order compelling discovery. Defendant contends that the common thread between the cases is that both trial courts used N.C.R. Civ. Pro. 37(b) to sanction the respective defendants. Likewise, defendant contends that the trial court used Rule 37(b) to sanction her in the present case. Defendant's argument misapprehends the facts here and the *Sharpe* and *Willis* decisions.

ANDALORO v. SAWYER

[144 N.C. App. 611 (2001)]

The Rules of Arbitration provide that a court may sanction a party for failing or refusing to participate in arbitration proceedings in good faith. N.C.R. Arbitration 3(I). Once the court makes that determination, then the court may choose to use any of the sanctioning methods prescribed in N.C.R. Civ. P. 11, 37(b)(2)(A)-37(b)(2)(C) or G.S. § 6-21.5. *Id.* Contrary to the defendant's contention, the trial court did not cite any particular rule when it sanctioned the defendant. Notably, the three rules referred to in Arbitration Rule 3(I) all permit the award of attorney's fees. Therefore, the Court could have used any of the authorized sanctioning methods and was not necessarily limited to Rule 37.

Further contrary to defendant's argument, the *Willis* Court did not rely solely on the trial court's use of Rule 37. The Court found that the trial court's use of a finding of contempt accompanying an order compelling discovery created a substantial right. *Willis,* 291 N.C. at 30, 229 S.E.2d at 197. The only way to relieve the contempt order was to comply with the discovery order. *Id.* In effect, the *Willis* trial court used the sanction as an enforcement mechanism. In that instance, the Supreme Court held that the defendant had a substantial right to appeal. *Id.* Here, the trial court did not use the payment of attorney's fees as an enforcement mechanism. The trial court did not hold the defendant in contempt and did not include any condition by which the defendant could relieve herself of the penalty. Given the differences between *Sharpe* and *Willis* and the instant case and our emphasis to construe substantial rights strictly, we do not believe that those cases bind us.

This Court has stated that an order imposing sanctions is ordinarily interlocutory and not appealable. *Routh v. Weaver,* 67 N.C. App. 426, 428, 313 S.E.2d 793, 795 (1984). Additionally, this Court has stated that an "order granting attorney's fees is interlocutory as it does not finally determine the action nor affect a substantial right which might be lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order." *Benfield v. Benfield,* 89 N.C. App. 415, 419, 366 S.E.2d 500, 503 (1988) (citation omitted). Here, the defendant is appealing solely from a grant of attorney's fees. The defendant's appeal of the arbitration award is still pending before the trial court. The very purpose of the interlocutory appeals rule is to prevent appeals of this preliminary nature. The issues here are best left until the underlying action has been resolved and the appeals process can address all the issues in the case in one appeal.

Appeal dismissed.

Judges McGEE and TYSON concur.