STEELMAN, Judge.
Defendants, John Wells, Sr. (Wells), Tony Gupton (Gupton), and Hidden Valley County Club, Inc. (Hidden Valley), appeal the trial court's denial of their motion to change venue from Harnett to Wake County. For the reasons discussed herein, we reverse the trial court.
Plaintiff, Son-Lan Development Co., Inc. (Son-Lan), is a North Carolina corporation with its principal office in Wake County. Defendant Hidden Valley, is a North Carolina corporation with its principal office in Wake County. Defendant Wells is a resident of Harnett County. Defendant Gupton is a resident of Johnston County. Plaintiff commenced this action seeking the enforcement of three contracts, each involving the conveyance of real property located in Wake County. On 11 February 2004, Gupton and Wells entered into a contract for the sale of 148.41 acres located in Wake County. The contract required Wells and Hidden Valley to convey the real property to Gupton. On 7 May 2004, plaintiff entered into a contract with Gupton, in which plaintiff agreed to purchase the 148.41 acres from Gupton following the Wells/Hidden Valley/Gupton closing. The closing was scheduled for 26 May 2004. However, disputes arose and neither transfer took place.
On 9 August 2004, Gupton, Hidden Valley, and Wells entered into a settlement and release agreement. As part of the agreement, Wells agreed to sell the land to Gupton for an increased purchase price. On 30 September 2004, plaintiff filed this action in Harnett County seeking specific performance of the contracts, as well as monetary damages. Defendants filed motions for change of venue pursuant to N.C. Gen. Stat. § 1-76 and 1-83. The trial court denied these motions. Defendants appeal.
The sole issue before this Court is whether the trial court erred in denying defendants' motion for change of venue.
Although the denial of a motion for change of venue is interlocutory, it affects a substantial right. Gardner v. Gardner, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980). Therefore, it is immediately appealable. Id. Defendants do not assert on appeal their right to change in venue pursuant to N.C. Gen. Stat. § 1-83(1). Therefore, we do not address this statute. N.C. R. App. P. 10(a) and 28(a).
N.C. Gen. Stat. § 1-76 requires:
Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by law:
(1) Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.
N.C. Gen. Stat. § 1-76 (2005). In determining whether the trial court erred in denying a motion for change of venue pursuant to this statute, we must determine whether the action is local or transitory. Snow v. Yates, 99 N.C. App. 317, 320, 392 S.E.2d 767, 769 (1990). In making such a determination, we may only consider the allegations contained in the complaint. Id. If the principal objective of the litigation is the recovery of an interest in real property, such that judgment sought by the plaintiff would materially impact title to that property, the action is local. Id; Rose's Stores v. Tarrytown Center, 270 N.C. 201, 206, 154 S.E.2d 320, 323 (1967). Where the action is local, the trial court must transfer venue to the county in which the real property is located. Snow, 99 N.C. App. at 320, 392 S.E.2d at 769. If the principal objective of the action is to enforce a personal right, such that the judgment sought by the plaintiff only incidentally affects title to real property, the action is transitory and venue may liein the county where any of the parties reside. Rose's, 270 N.C. at 206, 154 S.E.2d at 323-24.
The case of Fox Holdings, Inc. v. Wheatly Oil Co., 161 N.C. App. 47, 51, 587 S.E.2d 429, 432 (2003) is controlling. In Fox, the defendant agreed to convey to plaintiff a convenience store located in Carteret County. The defendant did not own the real estate the convenience store was located on, but occupied the property pursuant to a sublease with a third party. Plaintiff filed suit in Craven County seeking specific performance of the agreement, including an order compelling the defendant to assign its lease of real estate. The defendant moved for a change of venue pursuant to N.C. Gen. Stat. § 1-76. This Court held the sublease was an interest in the real estate. We further held that since the principal remedy sought by the plaintiff was specific performance requiring a direct determination of an interest in real property, the action was local. As a result, we reversed the trial court's denial of the defendant's motion for change in venue.
In the instant case, plaintiff makes five claims for relief in its complaint for: (1) breach of contract and specific performance of the contracts to sale; (2) tortious interference with a contract; (3) civil conspiracy; (4) unfair and deceptive trade practices; and (5) fraud. In its prayer for relief, plaintiff sought specific performance and in the alternative, damages for breach of contract, treble damages for the unfair and deceptive trade practices claim, and punitive damages. Where a party seeks multiple remedies, affecting both title to property and in personam claims, this Court has held "`it is irrelevant that judgment will operate in personam if judgment also directly affects title to the property.'" Fox, 161 N.C. App. at 54, 587 S.E.2d at 434 (quoting Snow, 99 N.C. App. at 321, 392 S.E.2d at 769-70). It is only where the judgment operates "alone" in personam against the parties that the action will be deemed transitory. Id. (citing to Rose's, 270 N.C. at 206, 154 S.E.2d at 323). Plaintiff asserts specific performance operates in personam for venue purposes and does not affect title to land, therefore all the remedies it seeks are in personam, making the action transitory and venue proper in Harnett County. This Court explained in Fox, that it is only where land is located in another state does the issue of personal jurisdiction arise, making it necessary for the court to "compel the execution of a conveyance by decree in personam." Id. at 57, 587 S.E.2d at 435. In addition, the same rationale set forth in Fox distinguishingBishop v. Lattimore, 137 N.C. App. 339, 530 S.E.2d 554 (2000) applies equally here.
From the complaint, it appears the primary objective of plaintiff's litigation is to have the contracts to sale specifically enforced. In its own words, plaintiff prays the court to "enter an order compelling specific performance of the contracts and directing Defendants to execute and deliver to the Plaintiff a good and sufficient general warranty deed for the land described in the contracts." Although plaintiff also seeks actual and punitive damages, these in personam claims are merely incidental to its principal claim seeking conveyance of the title to the real property.
In addition, plaintiff's filing of a notice of lis pendens further demonstrates that its primary objective in this litigation is to affect title to property. This is so because "a notice of lis pendens can be filed against real property only in an action affecting its title." McGurk v. Moore, 234 N.C. 248, 251, 67 S.E.2d 53, 55 (1951). See N.C. Gen. Stat. § 1-116(a) (2005) ("Any person desiring the benefit of constructive notice of pending litigation must file a separate, independent notice thereof, . . . in the following cases: (1) Actions affecting title to real property").
The principal objective of plaintiff's suit is the recovery of an interest in real property. Whatever the outcome of the litigation, title to the land will be directly affected. Thus, the action is local and the trial court erred in denying defendants' motion to change venue to Wake County.
REVERSED AND REMANDED.
Judges WYNN and JOHN concur.
Report per Rule 30(e).